## PROSECUTION FOR CAUSING MISCARRIAGE.

Court of Appeals for Wayne County.

WYLIE WAITE v. STATE OF OHIO.[*]

Decided, September Term, 1915.

*Criminal Law—Venue—Where a Miscarriage Was Caused in One County But Occurred in Another—Testimony of the Woman is that of an Accomplice.*

1. Where a woman is induced to submit to and does submit to a criminal operation in one county and the resulting miscarriage occurs in an adjoining county, the venue is properly laid in the county in which the inducement took place and the operation was performed.

2. A woman who voluntarily submits to an operation for the purpose of causing a miscarriage is an aider and abettor of the crime, and in the prosecution of the one who caused the operation to be performed her evidence should be regarded as that of an accomplice.

*A. D. Metz* and *G. W. Smith*, for plaintiff in error.
*G. S. Starn*, Prosecuting Attorney, contra.

SHIELDS, J.

The indictment herein was returned by the grand jury of Wayne county, Ohio, at the April (1915) term of the court of common .pleas of said county and charges that—

---

*Motion for an order directing the Court of Appeals to certify its record in this case overruled by the Supreme Court, November 9, 1915.

"Wylie Waite on the 23d day of November in the year of our Lord one thousand nine hundred and fourteen, at the county of Wayne aforesaid, unlawfully, wilfully and knowingly, did use a certain instrument, the name of which instrument is to the jurors aforesaid unknown, in and upon the body and womb of one Margaret Hogue, she, the said Margaret Hogue, being then and there a pregnant woman, with intent then and there and thereby to procure the miscarriage of said Margaret Hogue, the said miscarriage not being then and there necessary to preserve the life of said Margaret Hogue, and then and there not being advised by two physicians to be necessary for said purpose, and by means and in consequence of the use of said instrument, by the said Wylie Waite, with the intent aforesaid, she, the said Margaret Hogue afterwards, to-wit, on the 26th day of November, 1914, miscarried and was prematurely delivered of a child."

A plea of not guilty was entered to said indictment by the accused and upon trial had he was found guilty. A motion for a new trial was overruled and he was sentenced according to law.

Numerous grounds of error were assigned in the petition in error filed herein for the reversal of the judgment of the court below, but the principal error alleged and urged was that the court below had no jurisdiction of the offense charged in said indictment for the reason that said offense, if committed, was not committed in said Wayne county, but in Medina county, Ohio, and therefore the venue was improperly laid in said Wayne county.

That venue is one of the essentials in an indictment is not open to question, for the rules of criminal pleading require that the time and place of every act essential to the offense charged shall be stated. This necessity arises from various reasons, among which is that it must appear that the court taking cognizance of the case had jurisdiction of the same, and, further, that the offense charged was committed in the county where the defendant was indicted and tried for the same.

As stated, it was contended on behalf of the plaintiff in error that the offense charged, if committed, was committed in Medina county and not in Wayne county. From the evidence introduced upon the trial, on the part of the state, it appears that after an intimate association between the plaintiff in error and one Mar-

garet Hogue for a considerable period, followed by acts of sexual intercourse, the latter became pregnant with child, which fact was communicated to the plaintiff in error, who advised that she submit to an operation to effect a miscarriage, to which she assented. Accordingly, and soon thereafter, as appears by the record, the plaintiff in error arranged for such operation to be performed by one Dr. J. W. Lehr in Wooster, Wayne county, Ohio, and in pursuance of such arrangement and by special appointment with said Lehr, the plaintiff in error accompanied the said Margaret Hogue to said Lehr's office in the evening of November 19, 1914, when an operation by the use of an instrument in the hands of said Lehr, at the instance, by the procurement and in the presence of the plaintiff in error, was caused to be performed by the said Lehr upon the said Margaret Hogue, with the intent and for the purpose of procuring a miscarriage. It further appears by the record that it became necessary for the said Margaret Hogue to make a second visit to the said Lehr's office for said unlawful purpose, whereupon the said Margaret Hogue, accompanied by the plaintiff in error, in pursuance of a prior appointment made by the plaintiff in error with said Lehr, again went to said Lehr's office in the evening of November 24, 1914, and at the instance, by the procurement, and in the presence of the plaintiff in error, said Lehr again performed an operation by the use of an instrument upon the said Margaret Hogue, with the intent and for the purpose of procuring a miscarriage, and that on the 26th day of November, 1914, the said Margaret Hogue, as a result of said operation, had a miscarriage and was delivered of a child in Medina county, Ohio.

Under the foregoing state of facts it was contended that the venue was in Medina county, and that the Court of Common Pleas of Wayne County had no jurisdiction of the case. In this contention of counsel we do not agree. Under the foregoing statement, if true, the physical act of using an instrument for the purpose and with the intent to destroy a vitalized foetus, prohibited by Section 12412 of the General Code, was performed in said Lehr's office in Wayne county, and said act so performed and prohibited was then and there completed, the premature delivery of the child being an incident to or the result of such un-

lawful act. Said statute seeks to prohibit and punish the unlawful act described therein; namely, the prescribing or administering of medicine or drug, or the use of an instrument with intent to procure a miscarriage of a woman and a miscarriage follows "in consequence thereof." It will thus be seen that said statute aims to prohibit and punish the act—the act of using an instrument in this case for the purpose and with the intent to procure a miscarriage. Here such act was performed for the purpose and with the intent aforesaid and rendered complete in contemplation of law, in our judgment, before the victim left the office of said Lehr in charge of the plaintiff in error in the evening stated, leaving as she did only to await the "consequence" of the unlawful act then already performed in Wayne county. Counsel for plaintiff in error seem to rely with no little confidence upon and refer us to the case of *Robbins* v. *State*, reported in 8 O. S. Reports, as sustaining their contention herein. We find nothing in the holding in that case, under the facts therein stated, in conflict with the holding here. In that case it appears that a poison was prescribed in one county and taken in another, as a result of which death ensued, and the court held that the offense was not completed until the poison was actually taken, and in the opinion in said case it is stated that:

"It is not the place of the death, but the place where the criminal act is performed or consummated, to which jurisdiction to try the case is given."

In the case at bar the criminal act consisted in the plaintiff in error causing said operation to be performed upon the person of Margaret Hogue for the purpose and with the intent of procuring a miscarriage on the evening stated *in Wayne county*. Obviously, the criminal act was then and there *perpetrated*. Other cases were also cited by the learned counsel for the plaintiff in error, but running through all of them is the principle that the unlawful act prohibited by the statute is the gist of the offense. If under the evidence here jurisdiction of the Wayne county court did not attach it is apparent that the provisions of said statute designed to afford protection to society against commercial traffic in human life are meaningless and a dead letter,

thereby rendering escape easy from the punishment prescribed
for a violation of said section by the convenient removal of the
victim to a foreign jurisdiction. As tending to show the action
of the Supreme Court of this state in a case involving a principle
closely analogous to the principle involved here, we cite the case
of *Studer* v. *State*, reported in 19 C. D., 33 (9 C.C.[N.S.],185),
which said case was affirmed by the Supreme Court without
opinion in 74 O. S., 519, wherein it was held that:

"In Revised Statutes, 7023 (now Section 13027, General
Code), the gravamen of the offense is the decoying, the procuring
and inducing, which being done in one county, while the house
of ill-fame entered is in another, the venue to prosecute is prop-
erly laid in the county where the decoying, etc., was done."

And the court in discussing the facts in said case on page 37,
say:

"At the close of the state's testimony a motion was made to
direct a verdict on the ground that the record then showed that
the house of ill-fame that was entered by these two girls was in
Stark county and not in Tuscarawas county, and that, therefore,
the crime, if any crime was committed, was committed in Stark
county. It is well known that a person shall not be held to an-
swer for a charge except in the county where the crime was
committed, and thus venue is important.

"It is claimed in this case that the proof shows this crime was
committed in Stark county. This woman was charged with in-
ducing, decoying or procuring these girls to enter a house of
ill-fame for the purpose of prostitution. We think the gravamen
of this offense is the decoying, the procuring, the inducing; and
when there is the decoying, the procuring and the inducing, fol-
lowed by the entrance to the house of ill-fame for this immoral
purpose, you will then have the crime complete, the venue being
where the decoying was laid, where the persuasion was exerted
or where the inducement was held out."

Without further extending the discussion of this feature of
the case, we are of the opinion that the venue herein was properly
laid in Wayne county and that the court below committed no
error in so holding.

It was also urged that the court below erred in its instruction
to the jury as to the necessity of the prosecutrix being corrobo-

rated herein. On behalf of the plaintiff in error the following written request was asked to be given by the court in its charge to the jury, which was so given:

"That a woman who voluntarily submits and permits an operation to be performed upon her for the purpose of procuring a miscarriage is an aider and abettor of the crime described in Section 12412 of the General Code, and being the crime charged in the indictment in this case, and that her evidence should be regarded as that of an accomplice."

In addition to giving said request the trial court also instructed the jury on this subject that—

"The testimony of an accomplice should be very cautiously received and suspiciously scrutinized, and it would be unsafe to convict the defendant on her uncorroborated testimony alone as to some or all of the material facts necessary to establish said crime. And in this case Margaret Hogue is recognized as an accomplice by the law, having admitted her part in procuring said miscarriage. * * * It is not necessary that the crime charged in this case be proven independently of the testimony of Margaret Hogue, the accomplice, or that her testimony be corroborated in every particular in order that it may be said to be corroborated, but only that there is circumstantial evidence or testimony of some witness other than said Margaret Hogue tending to connect the defendant with the crime charged, and prove some of the material facts as testified to by the said Margaret Hogue."

As tending to show the plaintiff in error's guilty connection with the offense charged, testimony in the nature of confessional statements alleged to have been made by the plaintiff in error to sundry witnesses at different times and places was introduced, all of which was proper to be considered by the jury with reference to the evidence of the prosecutrix in determining whether or not the same corroborated her in some material matter and tended to connect the plaintiff in error with the offense charged. The foregoing instruction we understand to be in harmony with the rule laid down by our Supreme Court in the case of *State* v. *Robinson*, 83 O. S., 136.

Other grounds of error are also alleged in said petition in error, among them, the improper admission and rejection of evi-

dence upon the trial, and that the verdict is against the manifest weight of the evidence, all of which we have examined into and find no such error in either of the respects mentioned as to justify the reversal of the judgment of the court below.

Finding no error in the record prejudicial to the plaintiff in error, the judgment of the court of common pleas will be affirmed, and said cause is remanded to said court for execution.

POWELL, J., and POLLOCK, J. (sitting in place of Houck, J.), concur.

---

## ENFORCEMENT OF MAGISTRATE'S JUDGMENT ENJOINED.