[No. 46675. En Banc. December 31, 1980.]

EVAN G. ERTMAN, *Petitioner,* v. THE CITY OF
OLYMPIA, ET AL, *Respondents.*

*William E. Cullen, Jr.,* for petitioner.

*Clinton, Fleck, Glein & Brown,* by *Richard J. Glein,* for
respondents.

WILLIAMS, J.—This case presents the question whether
the trial court properly granted respondents' (defendants')
motion for a new trial on the basis of newly discovered evi-
dence. In an unpublished opinion, the Court of Appeals
held that the grant of a new trial was proper, and we affirm
the Court of Appeals.

Petitioner (plaintiff) Evan Ertman filed an action against respondents City of Olympia and Olympia police officers Donald Hume and Richard Minshull for assault, wrongful arrest, and imprisonment, stemming from an incident which occurred in the men's restroom of the Governor House restaurant. The police officers had been searching for an escaped felon believed to be in the area when they encountered petitioner. Petitioner maintained that he was the victim of an unprovoked attack, whereas the two officers claimed that petitioner swung at them as soon as they asked him for identification.

At trial, after both sides had rested, but before the case was submitted to the jury, respondents' counsel received a telephone call from one Stephen Brown, a previously unknown witness, who had allegedly witnessed the incident. Respondents immediately moved to reopen their case for the purpose of calling Brown as a witness. The trial court denied the motion but suggested that counsel could raise the matter again in a motion for a new trial.

The jury awarded petitioner $11,250 in damages. Respondents then moved for a new trial on the ground of newly discovered evidence, submitting in support of the motion an affidavit by Mr. Brown which explained that he had followed the officers into the restroom and that he saw petitioner strike one of the officers before the policeman had a chance to say or do anything. The trial court granted the motion for a new trial under CR 59 and RCW 4.76.020, citing as grounds that the discovery of Brown constituted the discovery of new material evidence which could not, with reasonable diligence, have been produced at trial.

■■ We believe this is not strictly a case of due diligence in the discovery of evidence, for respondents had offered to produce the testimony of Brown at trial, even though the offer, due to Brown's sudden tardy appearance, was made after both parties had rested. Instead, this is a case where the court erroneously denied a motion to reopen the case in order to permit Brown to testify. In denying the motion, the trial court judge ruled:

I have no particular doubt that this constitutes, perhaps, newly discovered evidence . . .

. . .

I think the way to do this is to proceed and present this matter to the jury realizing that [counsel], on behalf of the Defendants, could at that time move to reopen on the basis of newly discovered evidence subject to the verdict of the jury.

*See State v. Remick*, 163 Wash. 326, 360 P. 1054 (1931).

An erroneous denial of a motion to reopen the case may be reversed if an appellate court finds that the trial court abused its discretion. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 599 P.2d 1289 (1979). The court in this case should have granted respondents' motion because Brown was a material witness in that he claimed to be the only independent observer of the incident.

This matter raises a unique problem, however, because respondents did not appeal the trial court's denial of their motion to reopen. Rather, they took the court's advice and raised the matter in their motion for a new trial. Since the court granted that motion, they had no need to appeal the earlier erroneous ruling. Petitioner, on the other hand, also was not in a position to object to the court's denial of the motion to reopen. Arguably, it was in petitioner's interest to keep the testimony out, since he was unfamiliar with the witness and could reasonably have feared potentially damaging testimony.[1]

We think the trial court erred in granting the motion for a new trial on the basis of newly discovered evidence. Strictly speaking, Brown's testimony was not newly discovered evidence, since even though it was late it was available at the time of trial. There is, however, an adequate basis for granting the new trial: the trial court's error in denying the motion to reopen. Thus, it was a proper exercise of discre-

---

[1]Counsel for petitioner argued on appeal that Brown's affidavit and later deposition revealed that the proposed evidence was so inconsistent with the testimony of the officers as to be not believable. Although this conclusion may be inferred from the deposition, nonetheless the weight to be given the testimony is a question for the jury.

tion to grant the new trial, even though the reason given was erroneous. We have held many times that where a judgment or order is correct, it will not be reversed merely because the trial court gave the wrong reason for its rendition. *Pannell v. Thompson,* 91 Wn.2d 591, 603, 589 P.2d 1235 (1979); *Cheney v. Mountlake Terrace,* 87 Wn.2d 338, 552 P.2d 184 (1976).

Since the trial court's order granting a new trial was a correct one, we accordingly affirm the result reached by the Court of Appeals.

UTTER, C.J., ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., and HAMILTON, J. Pro Tem., concur.