[No. 52226–0.   En Banc.   May 15, 1986.]

MARY TROPIANO, *Plaintiff*, v. THE CITY OF TACOMA, *Appellant*, THEO A. SEATS, ET AL, *Respondents*.

874

*Robert Backstein, City Attorney, F. H. Chapin, Jr., Chief Assistant,* and *Lawrence M. Ross* and *David P. Hansen, Assistants,* for appellant.

*Rush, Kleinwachter, Hannula & Harkins,* by *Daniel R. Kyler,* for respondents.

DOLLIVER, C.J.—The City of Tacoma appeals a trial court order dismissing its third party complaint against Theo and Patsy Seats. The case is here pursuant to an administrative transfer from Division Two of the Court of Appeals. *See* RAP 4.3. At issue is whether Tacoma Municipal Code 9.17-.020 authorizes the City to seek indemnity from the Seats for liability arising from a pedestrian's slip and fall on the city sidewalk abutting property owned by the Seats. We find no basis for imposing liability on the Seats and therefore affirm the trial court's decision.

In July of 1980, Mary Tropiano tripped and fell on the Tacoma sidewalk in front of Seats' home. Mrs. Tropiano later sued the City, alleging that it had negligently designed, constructed, and maintained the sidewalk. The City denied her allegations. It also filed a third party complaint against the Seats. In that complaint, however, the City did not allege there was any defect in the sidewalk which the Seats either caused or failed to report. The City alleged only that the Seats owned the property abutting the sidewalk and were therefore liable to the City for any damages it might be required to pay Tropiano.

The City based its third party claim on Tacoma Municipal Code 9.17.010 and .020. The first of these sections

makes it unlawful "for the owner . . . of any premises abutting upon any street" within the City to permit various dangerous or hazardous conditions to exist on the right of way. One such condition is "[d]efective sidewalk surfaces". Section 9.17.020 then creates the right to indemnity at issue here:

> Whenever any injury or damage to any person or property shall be proximately caused by any of the . . . conditions prohibited by . . . Section 9.17.010 . . ., the abutting property . . . owner . . . shall be liable to the city for all damages or injuries . . . which the city may be required to pay to the person injured or damaged . . .

This section contains two provisos. First, "no liability shall attach to the abuttor" if the injury is "caused . . . by the City of Tacoma or its employees". Second, if the dangerous condition was caused by someone other than the·City or the abutting owner, the abutting owner is not liable, "if, prior to the date of injury," he notifies the City of the dangerous condition.

The Seats initially moved to dismiss the third party complaint under CR 12(b)(6) asserting the ordinance is unconstitutional. The trial court expressed some doubt as to the validity of the ordinance, but denied the motion to dismiss. The Seats then submitted affidavits and requested the court to reconsider its decision. Because this submission of evidence transformed the CR 12(b)(6) motion into a motion for summary judgment (*see* CR 12(c)), the trial court continued the matter for several weeks to give the City an opportunity to respond.

Despite the continuance, the City submitted no evidence in opposition to the Seats' motion. The Seats, however, had by this time obtained the deposition testimony of Timothy Homann, a civil engineer with the City's Public Works Department. When asked what his inspection of the Seats' sidewalk had disclosed, Mr. Homann replied:

> There were some minor irregularities; in other words it wasn't uniform as to grade. I did not note any stub–toes that I would consider dangerous. There was [*sic*] one or

two areas near joints which had pulled off, pulled away, but the holes and indentations that they left I didn't note as being particularly dangerous.

. . .

I consider the sidewalk serviceable in its present condition.

When asked whether he would order the sidewalk repaired, Homann answered:

In my determination, no. I've looked at it several times, including this morning.

Upon receipt of this and other evidence, the trial court at a hearing held September 9, 1983, granted the Seats' motion to dismiss. The order of summary judgment lists Mr. Homann's deposition as one of the items the court considered in ruling on the motion. The City later reached a settlement with Mrs. Tropiano. At that point the trial court directed entry of final judgment on the third party complaint. This appeal followed.

In its initial brief on appeal, the City assumed the trial court had dismissed the complaint on the ground the indemnity ordinance is unconstitutional. The City therefore addressed only the constitutional issues which the Seats had raised at trial. In their responsive brief, however, the Seats argued that, even if the ordinance is valid, there is simply no factual basis for holding them liable under it. The City answers this argument in part by asserting that the Seats are attempting to raise a new issue initially on appeal.

We reject this assertion. The record shows the Seats made the factual argument to the trial court at the September 9, 1983 hearing. The trial court's order of summary judgment recites that the trial court considered the evidence which the Seats presented in support of that argument. Whether the trial court based it judgment on the Seats' factual contentions or their constitutional argument is immaterial; both arguments were raised at trial and both are properly before this court now. *See Ertman v. Olympia,* 95 Wn.2d 105, 108, 621 P.2d 724 (1980) (a judgment will be

affirmed on any ground within the pleadings and proof).

■ The Seats' constitutional claims are not insubstantial. Nevertheless, we find it unnecessary to resolve the constitutional issues because the case can be resolved on factual grounds. This court will not decide an issue on constitutional grounds if the issue can be resolved on other grounds. *Tommy P. v. Board of Cy. Comm'rs,* 97 Wn.2d 385, 391, 645 P.2d 697 (1982).

■ In order to recover under the indemnity ordinance, the City would have to show Mrs. Tropiano's injuries had been proximately caused by a defective sidewalk surface. The City did not even allege in its third party complaint, however, that the sidewalk was "defective." Moreover, the only evidence in the record on this point, including the deposition testimony of the City's own engineer, shows the Seats' sidewalk is not in need of repair. The City failed to present any evidence to the contrary. The Seats thus sustained their burden under CR 56 of proving that there is no genuine issue of material fact. *See Brame v. St. Regis Paper Co.,* 97 Wn.2d 748, 752, 649 P.2d 836 (1982) (once moving party makes prima facie showing, nonmoving party must come forward with contrary evidence); *Hartley v. State,* 103 Wn.2d 768, 774–75, 698 P.2d 77 (1985).

The trial court's order dismissing the City's third party complaint is affirmed.

UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.