[No. 12845–4–II.   Division Two.   December 26, 1990.]

THE STATE OF WASHINGTON, *Appellant,* v. CRAIG R. SIGMAN, *Respondent.*

*Patrick D. Sutherland, Prosecuting Attorney,* and *Peter G. Wales, Deputy,* for appellant.

*James A. Connolly* and *Connolly, Holm, Tacon & Meserve,* for respondent.

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Senior Appellate Deputy,* and *Jack F. Nevin,* amici curiae for appellant.

*Gilbert H. Levy* and *Mark W. Muenster* on behalf of Washington Association of Criminal Defense Lawyers, amici curiae for respondent.

WORSWICK, J.—
We affirm an order setting aside a guilty verdict and dismissing a charge of "making available" a building knowing that it was being used for growing marijuana. RCW 69.53.010(1). We do not, however, find the statute unconstitutionally vague, as did the trial court. Rather, we hold that, properly construed, the statute did not criminalize defendant Craig Sigman's acts or omissions. *LaMon v. Butler,* 112 Wn.2d 193, 200–01, 770 P.2d 1027 (trial court may be affirmed on any basis supported by the law and the record), *cert. denied,* ___ U.S. ___, 107 L. Ed. 2d 29, 110 S. Ct. 61 (1989).

The evidence, considered most favorably to the State, showed only that Sigman controlled a building, that he

rented it month to month to one Richard Lemcke, and that Lemcke used it for growing marijuana. Sigman learned of this use some 8 months after Lemcke took possession. There is no evidence that he knew of Lemcke's intended use when he made the rental arrangement.

RCW 69.53.010(1) provides:

**Unlawful use of building for drug purposes—Liability of owner or manager—Penalty.** (1) It is unlawful for any person who has under his or her management or control any building, room, space, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, *to [sic] knowingly rent, lease, or make available for use,* with or without compensation, the [sic] building, room, space, or enclosure for the purpose of unlawfully manufacturing, delivering, selling, storing, or giving away any controlled substance . . ..[1]

(Italics ours.) The single jury instruction purporting to define the crime abbreviated the statute, stating only that it was unlawful for one knowingly to "rent or make available for [the prohibited] use . . ." a building.

The State has argued throughout that the statute is violated if the defendant learns of the improper use at any time after delivery of possession of the premises. The trial court, apparently agreeing with the State's reading, held the statute unconstitutionally vague as it might apply to Sigman, for its failure to give notice to a person of common understanding that his inaction upon learning of the building's use constituted a crime. We conclude that the State has misread the statute, and we need not decide any

---

[1]In 1988, the Legislature amended the statute by adding subsection (2), which provides:

(2) It shall be a defense for an owner, manager, or other person in control pursuant to subsection (1) of this section to, in good faith, notify a law enforcement agency of suspected drug activity pursuant to subsection (1) of this section, or to process an unlawful detainer action for drug–related activity against the tenant or occupant.

Laws of 1988, ch. 150, § 13. The "offense" here predated the amendment, so we construe the statute unaffected by this addition, which probably contributes little more than further confusion.

constitutional issue. *Tropiano v. Tacoma,* 105 Wn.2d 873, 718 P.2d 801 (1986) (court will not decide on constitutional grounds if issue can be resolved on other grounds).

The statute is not a model of clarity, so it is appropriate and necessary to construe it with the help of statutory construction principles, a process that has been conspicuously absent from this case so far. One phrase causes the problem: ". . . to [*sic*] knowingly rent, lease, or make available for use . . .". A dictionary and the rule of ejusdem generis resolve the difficulty.

Essentially, the State argues that Sigman was guilty of *allowing* a prohibited use of the building, because he did nothing after learning of the marijuana growing. That may well be, but the statute does not make such passivity criminal. The verb "make" is synonymous with "create", an affirmative act, whereas the verb "allow" is synonymous with "permit", a passive enterprise. *See Webster's Third New International Dictionary* 1363, 58 (1969). The statutory language alone contemplates that a defendant breaks the law only by committing a positive act.

The ejusdem generis rule confirms this interpretation. The rule, a standard principle of statutory construction, requires that general terms appearing in a statute in connection with specific terms be given meaning and effect only to the extent that the general terms suggest items similar to those designated by the specific terms. *Kringel v. Department of Social & Health Servs.,* 45 Wn. App. 462, 465, 726 P.2d 58 (1986). Here, the rule requires that the term "make available" be read only as contemplating an act similar to renting or leasing.

The result of this elementary and fundamental exercise in statutory construction is this: RCW 69.53.010(1) makes criminal only the positive act of putting into possession of property, by renting or leasing or in a way similar to renting or leasing, one who the defendant then knows intends to use the property for a prohibited purpose. The statute does not criminalize passive acquiescence in such

use, based on knowledge acquired after possession is delivered.[2]

Affirmed.

ALEXANDER, C.J., and MORGAN, J., concur.

Review granted at 116 Wn.2d 1018 (1991).

---

[2]A month–to–month tenancy only commences once and is continuing. It does not begin anew each month. *Ward v. Hinkleman,* 37 Wash. 375, 381, 79 P. 956 (1905).