[No. 57903-2. En Banc. February 13, 1992.]

THE STATE OF WASHINGTON, *Petitioner,* v. CRAIG R. SIGMAN, *Respondent.*

*Patrick D. Sutherland, Prosecuting Attorney,* and *Peter G. Wales, Deputy,* for petitioner.

*James A. Connolly* and *Connolly, Holm, Tacon & Meserve,* for respondent.

*John W. Ladenburg, Prosecuting Attorney for Pierce County,* and *Chris Quinn-Brintnall, Senior Appellate Deputy,*

on behalf of Washington Association of Prosecuting Attorneys, amicus curiae for petitioner.

*Gilbert H. Levy* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for respondent.

BRACHTENBACH, J. — The issue presented in this case arises from interpretation of RCW 69.53.010(1), which, in relevant part, prohibits an owner of real property from knowingly renting, leasing or making available any building, space, room or enclosure for an illegal drug purpose.

Defendant Craig R. Sigman was convicted of a violation of the above statute. However, the trial court set aside the jury's guilty verdict on the ground that the statute was unconstitutional as applied to defendant. The Court of Appeals affirmed, not on a constitutional ground, but on the theory that the defendant's conduct was not a violation of the statute. *State v. Sigman*, 60 Wn. App. 1, 802 P.2d 142 (1990), *review granted*, 116 Wn.2d 1018 (1991).[1] We reverse and reinstate the conviction.

The statute is quoted in part in the footnote.[2] For our purposes, the relevant parts are as follows:

> It is unlawful for . . . an owner . . . to knowingly rent, lease, or make available for use . . . [a] building . . . for the purpose of unlawfully manufacturing, delivering, selling, storing, or giving away any controlled substance under chapter 65.50 RCW . . ..

---

[1] We call attention to a serious matter in the pleadings. In answer to a motion in this court, not involving the merits, defendant cites an *unpublished* Court of Appeals decision, which violates RAP 10.4(h): "A party may not cite as an authority an unpublished opinion of the Court of Appeals."

[2] "It is unlawful for any person who has under his or her management or control any building, room, space, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, to knowingly rent, lease, or make available for use, with or without compensation, the building, room, space, or enclosure for the purpose of unlawfully manufacturing, delivering, selling, storing, or giving away any controlled substance under chapter 69.50 RCW, legend drug under chapter 69.41 RCW, or imitation controlled substance under chapter 69.52 RCW." RCW 69.53.010(1).

■ We must view the evidence as most favorable to the State. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Using that standard the jury could have found, and obviously did find, that defendant rented a residence to his friend some 8 months before execution of a search warrant which revealed a substantial marijuana growing operation in the basement of the rented house. Defendant was present when the search warrant was executed. The growing plants were in the basement with access through a trapdoor in a bedroom. Defendant's insurance identification card was found on the floor in that bedroom. Defendant was in the premises a number of times during the tenancy. Defendant had a key to the premises and knew the location of the key to the basement. Defendant, when arrested, had in his possession a small amount of marijuana given to him by his tenant. The odor of marijuana was overwhelming within the house and even outside. Defendant knew of the marijuana growing for about 2 months before his arrest, but did not intend to do anything about it. There was evidence to support these facts as summarized above. The State sets these facts forth in its brief. Defendant's brief acknowledges these statements to be accurate and only adds that defendant lived in the residence before renting it to the tenant. Brief of Respondent, at 2.

■ Given these facts, the issue is quite simple: Is the statute unconstitutionally vague *as applied to defendant's conduct?* Much of defendant's argument is irrelevant because he devotes half of his brief to arguing that the statute is vague on its face. That is simply not the issue. In *Spokane v. Douglass*, 115 Wn.2d 171, 182-83, 795 P.2d 693 (1990), the rule is summarized as follows:

> The rule regarding vagueness challenges is now well settled. Vagueness challenges to enactments which do not involve First Amendment rights are to be evaluated in light of the particular facts of each case. *Maynard v. Cartwright*, 486 U.S. 356, 361, 100 L. Ed. 2d 372, 108 S. Ct. 1853 (1988); *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7, 71 L. Ed. 2d 362, 102 S. Ct. 1186, *reh'g denied*, 456 U.S.

950 (1982); *United States v. Powell*, 423 U.S. 87, 92-93, 46 L. Ed. 2d 228, 96 S. Ct. 316 (1975); *United States v. Mazurie*, 419 U.S. 544, 550, 42 L. Ed. 2d 706, 95 S. Ct. 710 (1975); *United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 32-33, 36, 9 L. Ed. 2d 561, 83 S. Ct. 594 (1963). *See also State v. Carver*, 113 Wn.2d 591, 599, 781 P.2d 1308, 789 P.2d 306 (1989); [*State v.*] *Worrell*, [111 Wn.2d 537,] 541 [761 P.2d 56 (1988)]. Consequently, when a challenged ordinance does not involve First Amendment interests, the ordinance is not properly evaluated for facial vagueness. Rather, the ordinance must be judged as applied. *Maynard*, at 361. Accordingly, the ordinance is tested for unconstitutional vagueness by inspecting the actual conduct of the party who challenges the ordinance and not by examining hypothetical situations at the periphery of the ordinance's scope. *Cf. State v. Hegge*, 89 Wn.2d 584, 589, 574 P.2d 386 (1978).

In the 2½ pages of his brief discussing his claim of unconstitutionally vague as applied, defendant appears to proceed upon an erroneous reading of the charge against him. He states: "'Knowingly rent' does not mean 'knowingly allow.' If 'knowingly rent' meant 'knowingly allow,' the statute would have said so." Brief of Respondent, at 9. The error in defendant's argument is that the statute does prohibit "knowingly allow" when it makes it unlawful to "knowingly make available". That is the language contained in the information, to wit: the defendant "as an owner, did knowingly make available" the residence for the purpose of unlawfully manufacturing, delivering, selling, storing or giving away a controlled substance, to wit: marijuana. Clerk's Papers, at 24.

■■ We need not repeat the well-established standards of review of a challenge for vagueness as applied. *See Spokane v. Douglass, supra*; *Seattle v. Eze*, 111 Wn.2d 22, 759 P.2d 366 (1988). If persons of ordinary intelligence can understand a penal statute, it is not vague for uncertainty. *State v. Maciolek*, 101 Wn.2d 259, 265, 676 P.2d 996 (1984). Defendant argues that "knowingly" is not defined in the statute. The word is defined by statute, RCW 9A.08-.010(1)(b), and, in addition, has an ordinary and accepted meaning. *State v. Shipp*, 93 Wn.2d 510, 516, 610 P.2d 1322 (1980). Use of the mental state of knowingly as an element

of a crime does not render a statute unconstitutionally vague. *State v. Crisp*, 249 Mont. 199, 203-04, 814 P.2d 981, 983 (1991).

However, here we need not be concerned with imputing knowledge to defendant. In fact, he *knew* of the illegal activity and he knew it for several months, yet permitted that illegal activity to continue. Defendant argues that an unsuspecting landlord might become instantly criminally liable the moment he learned of the proscribed use of the premises. That issue is not present. Not only did the land-lord-defendant know of the illegal use for several months, he deliberately chose to do nothing about it. While the hypothetical problem of "what to do about it" is not here presented, we note a subsequent amendment provides a defense to the situation which defendant poses as a vagueness challenge. RCW 69.53.010(2) states:

> It shall be a defense for an owner, manager, or other person in control pursuant to subsection (1) of this section to, in good faith, notify a law enforcement agency of suspected drug activity pursuant to subsection (1) of this section, or to process an unlawful detainer action for drug-related activity against the tenant or occupant.

The second point of analysis in determining vagueness is whether the statute contains ascertainable standards to protect against arbitrary enforcement. *Douglass*, at 178. The statute is not vague. It requires that the defendant make available for use a building, space, room or enclosure for the proscribed conduct. Renting a residence to a person who in fact uses it for cultivating of illegal drugs leaves no room for arbitrary enforcement. Defendant presents no per-suasive argument or authority; he merely asserts that the statute is inherently subjective. His attack fails.

 The Court of Appeals erred in holding that "the term 'make available' be read only as contemplating an act similar to renting or leasing." *State v. Sigman*, 60 Wn. App. 1, 4, 802 P.2d 142 (1990), *review granted*, 116 Wn.2d 1018 (1991). From that, the Court of Appeals concluded that defendant's inaction was passive acquiescence and not

criminalized. That reading of the statute ignores the disjunctive "or". The statute is perfectly plain in declaring it unlawful to "knowingly rent, lease, *or* make available". (Italics ours.) RCW 69.53.010(1). To reach the conclusion of the Court of Appeals one must ignore the disjunctive "or" and one must fail to read the statute as a whole. That is contrary to relevant rules of construction. *In re Blauvelt*, 115 Wn.2d 735, 743, 801 P.2d 235 (1990); *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988).

Our holding is supported by persuasive federal authorities construing a similar statute; 21 U.S.C. § 856(a)(2) makes it unlawful, in relevant part, to "knowingly and intentionally rent, lease, or make available for . . . the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance."

In *United States v. Tamez*, 941 F.2d 770, 774 (9th Cir. 1991), the Ninth Circuit stated: "section 856(a)(2) requires only that proscribed activity was present, that . . . [the defendant] knew of the activity and allowed that activity to continue." *See also United States v. Martinez-Duran*, 927 F.2d 453, 457 (9th Cir. 1991); *United States v. Chen*, 913 F.2d 183 (5th Cir. 1990).

The Court of Appeals and the trial court are reversed; the matter is remanded for reinstatement of the jury verdict and judgment in accordance therewith.

DORE, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

Reconsideration denied March 17, 1992.