[No. 16244-0-II.   Division Two.   June 21, 1995.]

THE STATE OF WASHINGTON, *Appellant*, v. DANNY A. BRYANT, *Respondent*.

*Barnardean Broadous, Prosecuting Attorney*, and *Jon Tunheim, Deputy*, for appellant.
*William R. Michelman*, for respondent.

ALEXANDER, J.* — The State of Washington appeals an order of the Thurston County Superior Court granting Danny A. Bryant's motion to arrest judgment and for a new trial. The order followed Bryant's conviction on a charge of making a building available for the manufacture of a controlled substance. In granting the motion, the trial court concluded that the double jeopardy provisions of the fifth amendment to the United States Constitution were violated by its admission of evidence that had been introduced at a prior trial, at which the jury had acquitted Bryant on a charge of manufacturing marijuana, and had been unable to reach a verdict on a charge of making a building available for the manufacture of a controlled substance. We reverse.

Danny A. Bryant was charged in Thurston County Superior Court with the offenses of manufacturing marijuana (count 1), RCW 69.50.401(a)(1)(ii), and making a building available for the manufacture of a controlled substance (marijuana) (count 2), RCW 69.53.010(1). At the trial on those charges, the State presented evidence relevant to count 2, to the effect that Bryant knowingly allowed his rental home to be used by the tenant for growing marijuana. The State also presented evidence relating to count 1 and 2 that showed that Bryant was actively involved in setting up and maintaining the grow operation at the rental home. The jury acquitted Bryant on count 1. It could not reach a verdict on count 2, and consequently, the trial court declared a mistrial and ordered a new trial on that count.

At the retrial on the making a building available charge, the State presented evidence, over Bryant's objection, that

---

*Judge Gerry L. Alexander was a member of the Court of Appeals, Division Two, at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

tended to show that Bryant was either a share cropper partner in the marijuana grow operation, or at least was personally involved in the operation. This evidence, which was introduced to show Bryant's knowledge of the grow operation,[1] was similar to evidence that the State had presented in Bryant's first trial relating to the charge of manufacturing marijuana, the charge of which he had been acquitted. The jury found Bryant guilty.

Bryant moved to arrest judgment and for a new trial "primarily on the issue of double jeopardy."[2] Report of Proceedings (April 30, 1992), at 229. Bryant asserted, through his attorney, that when the State attempted to prove his knowledge of the marijuana grow operation at his rental home with evidence of conduct that had been presented at his prior trial on the charge on which he was acquitted, the State put him twice in jeopardy for the same offense, thus violating the United States Constitution. The trial court granted Bryant's motion, indicating in its written findings of fact that

> the use of the share cropper or partnership evidence in the retrial of the building available charge to prove the essential knowledge element was a violation of the rule in Grady and Laviollette. Admission of that evidence over [Bryant's] objection was improper . . . .

Clerk's Papers, at 6 (findings of fact 11).

■ We are called upon to decide whether the trial court erred in granting a new trial based on the grounds that the double jeopardy provisions of the United States Con-

---

[1]See State v. Sigman, 118 Wn.2d 442, 826 P.2d 144, 24 A.L.R.4th 856 (1992) (holding that the "building available" statute applies not only to a landlord who initially rents a building knowing that it will be used illegally, but also to a landlord who, after renting a building, learns of the illegal operation and takes no remedial action).

[2]Bryant's only other contentions were that there was insufficient evidence to support the verdict, and that an exhibit, a box of dried marijuana, should not have gone to the jury room with other exhibits.

stitution had been violated.[3] Generally, the decision to grant a new trial is within the trial court's discretion and will be disturbed only for a clear abuse of that discretion. *State v. Carlson*, 61 Wn. App. 865, 871, 812 P.2d 536 (1991), *review denied*, 120 Wn.2d 1022 (1993). When the trial court's decision to grant a new trial is predicated on an interpretation of the law, however, there is no element of discretion involved because the matter is a question of law, which the appellate court reviews de novo. *See State v. Williams*, 96 Wn.2d 215, 221, 634 P.2d 868 (1981); *State v. Wilson*, 71 Wn.2d 895, 898, 431 P.2d 221 (1967); *Johnson v. Howard*, 45 Wn.2d 433, 436, 275 P.2d 736 (1954).

Protection against double jeopardy afforded by the United States Constitution stems from the Fifth Amendment, which provides, in part: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The effect of this provision is to prevent the State from maintaining a second prosecution of a person for an offense, following that person's acquittal or conviction of the offense. *State v. Laviollette*, 118 Wn.2d 670, 674, 826 P.2d 684 (1992) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969)).

In order for this court to conclude that the second prosecution of Bryant for making a building available for the manufacture of marijuana was affected by the Fifth Amendment prohibition against twice placing a person in jeopardy for the same offense, we would have to find that manufacturing marijuana, the charges of which Bryant was acquitted, is the same offense as the instant charge. *See State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995). The test to determine whether offenses are the same, commonly referred to in United States Supreme Court parlance as the *Blockburger* "same elements" test, has

---

[3]Bryant does not argue, nor does he cite authority for the proposition that Washington's constitutional provision prohibiting double jeopardy contained in Const. art. I, § 9 should be construed as giving greater protection than the federal double jeopardy provision. Therefore, we have not addressed that issue. *See State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

also been called the "same evidence" test in Washington case law:

> if each offense, as charged, includes elements not included in the other, the offenses are different and multiple convictions can stand. As this court stated in *Vladovic*,
>
>> In order to be the "same offense" for purposes of double jeopardy the offenses must be the same in law and in fact. If there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other, the offenses are not constitutionally the same and the double jeopardy clause does not prevent convictions for both offenses.
>
> Washington's "same evidence" test is very similar to the rule set forth in *Blockburger v. United States*:
>
>> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

(Citations and footnote omitted.) State v. Calle, 125 Wn.2d at 777 (quoting *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983); also quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932) (adopted in Washington in *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973))) (other internal citations omitted). *See also State v. Maxfield*, 125 Wn.2d 378, 400 n.42, 886 P.2d 123 (1994).

▮ The two charges against Bryant are not the same offense for double jeopardy purposes because they do not satisfy the "same elements" test. The crime of manufacturing marijuana applies to anyone engaged in the "production, preparation, [or] propagation" of that controlled substance. RCW 69.50.101(p) (defining "manufacture"); RCW 69.50.401(a)(1)(ii) (prohibiting the manufacture of a controlled substance). The relationship of the manufacturer to the manufacturing location is not relevant in a charge of manufacturing a controlled substance. With respect to the charge of making a building available, the

culpability of an owner or manager for the unlawful use of a building for drug purposes runs only to persons with a defined relationship with the location or building where the controlled substance activity occurs. RCW 69.53.010. In addition, the activities proscribed by this statute are not limited to the manufacture of a controlled substance, but also include "delivering, selling, storing, or giving away any controlled substance." RCW 69.53.010(1).

As noted above, the trial court indicated in its written findings of fact that it applied "the rule in Grady and Laviollette" when it analyzed whether double jeopardy issues were raised by this case. Clerk's Papers, at 6. This is the wrong test. In *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), the Court employed a two-part analysis that involved both the *Blockburger* "same elements" test and a test for proof of similar conduct. The *Grady* decision, however, has been overruled by *Dixon*, which revived the *Blockburger* "same elements" test that is discussed above.[4]

Bryant asserted at trial that the trial court's interpretation of the double jeopardy doctrine was correct. He has since, however, abandoned that position.[5] Bryant now contends that the trial court's decision to grant the mo-

---

[4]Double jeopardy jurisprudence changed substantially during the time that Bryant was on trial for these charges. Prior to Bryant's first trial in October 1990, the test for determining when double jeopardy barred subsequent prosecution was the "same elements" test enunciated in *Blockburger v. United States*, 284 U.S. at 304. When Bryant was convicted in April 1992, however, the test had been altered by *Grady v. Corbin*. In *Grady*, the Court held that the *Blockburger* test was merely the first of a two-part test for determining when a defendant has been unconstitutionally subjected to multiple prosecutions for the same offense. The second part of the *Grady* test is an analysis of whether the State, in establishing an essential element of an offense, "will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 521. The Washington Supreme Court adopted the *Grady* analysis in *Laviollette*, 118 Wn.2d 670. After the Court of Appeals accepted this appeal, the United States Supreme Court reversed *Grady*, effectively reinstating the *Blockburger* test. *See United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). The Washington Supreme Court has recognized the restoration of the traditional *Blockburger* test. *Calle*, 125 Wn.2d at 778 n.4.

[5]In addition to abandoning the double jeopardy argument on appeal, Bryant conceded at trial that, if double jeopardy did apply, the facts of this case do not satisfy the *Blockburger* "same elements" test.

tion to arrest judgment was actually based on collateral estoppel principles. Bryant asserts that in this case, these principles give conclusive evidentiary effect to his acquittal on the manufacturing marijuana charge and prevent the introduction of evidence that contradicts that acquittal. In support of the contention that the trial court based its ruling on other than double jeopardy grounds, Bryant refers to the trial court's oral ruling, in which it said, in part:

> There is nothing in the refiling and prosecution of this charge that creates a double jeopardy problem. There are, however, some evidentiary considerations that are different from those in the first prosecution.

Verbatim Report of Proceedings (May 6, 1992), at 6.

■■■ We reject Bryant's invitation to look to the trial court's oral ruling to find that collateral estoppel was the basis of its decision to arrest judgment and grant a new trial. A trial court's oral ruling "has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment." *State v. Mallory*, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966). Furthermore, we decline to reach this issue notwithstanding the general rule that a trial court's order granting a new trial may be affirmed even when the reason given by the trial court was erroneous. *Ertman v. Olympia*, 95 Wn.2d 105, 107-08, 621 P.2d 724 (1980). This rule may be invoked only when the theory upon which we are asked to rely was established by the pleadings, proof, and arguments presented at trial. *See Tropiano v. Tacoma*, 105 Wn.2d 873, 876, 718 P.2d 801 (1986); *see also Wendle v. Farrow*, 102 Wn.2d 380, 382, 686 P.2d 480 (1984). Bryant did not raise the collateral estoppel issue at trial; therefore, we need not consider it here. *See Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 291, 840 P.2d 860 (1992) ("[T]he purpose of RAP 2.5(a) is met where the issue is advanced below and the trial court has an opportunity to consider and rule on relevant authority."). Moreover, because the trial court's oral ruling, as Bryant would have us interpret it, is not consistent with the trial

court's written findings and conclusions, we are prevented from considering it. *State v. Eppens*, 30 Wn. App. 119, 126, 633 P.2d 92 (1981) (an appellate court may consider a trial court's oral decision in interpreting its written findings of facts and conclusions of law, "so long as there is no inconsistency.")

The trial court's order granting a new trial is reversed, the verdict of the jury is reinstated, and the case is remanded for sentencing.

SEINFELD, C.J., and MORGAN, J., concur.