[Nos. 15871-3-III; 15872-1-III.   Division Three.   October 14, 1997.]

THE STATE OF WASHINGTON, *Appellant,* v. LEONA JOAN LIGHTLE, ET AL., *Respondents.*

---

*Andrew K. Miller, Prosecuting Attorney*, and *John V. Jensen, Deputy*, for appellant.

472

*Larry C. Stephenson*, for respondents.

*James W. Williams* on behalf of Confederated Tribes of Umatilla Indian Reservation, amicus curiae.

*Lawrence C. Watters* on behalf of Columbia River Gorge Commission, amicus curiae.

BROWN, J. — The issue in this case is whether a statute which makes it a crime to knowingly remove, dig into, or damage any historic or prehistoric archeological resource or site, or remove any archeological object from such site, is unconstitutionally vague. We hold it is not and reverse.

## FACTS

A citizen complained that two individuals, later identified as Leona Lightle and John Horner, had been digging for arrowheads on Plymouth Island for three years. An archeologist has since identified the area as an Indian Burial site. Ms. Lightle and Mr. Horner were charged by amended information with violating RCW 27.53.060(1), which prohibits removing archeological objects from any archeological resource or site.[1] The trial court concluded the statute is unconstitutionally vague and dismissed the charges. The State appeals.

---

[1]The briefs appear to imply that a person may be charged under this statute with the felony of disturbing an Indian gravesite. That crime is properly charged under RCW 27.44.040. Violation of RCW 27.53.060(1) is a misdemeanor. RCW 27.53.090(1).

## ISSUE

The issue presented is whether RCW 27.53.060(1) is void for vagueness.

## ANALYSIS

■■ A party challenging a penal statute as unconstitutionally vague bears the burden of proof beyond a reasonable doubt. *State v. Myles*, 127 Wn.2d 807, 812, 903 P.2d 979 (1995). When confronted with the issue the court must first determine whether the challenge involves a First Amendment right. If so, a facial challenge is presented. Otherwise, the court examines the issue in the context of the case by applying the statute to the particular facts of the case. *City of Spokane v. Douglass*, 115 Wn.2d 171, 181-82, 795 P.2d 693 (1990). Here, we have an applied challenge. Although the record is not clear, apparently the trial court applied a facial analytical format to this problem. The correct analytical framework is "as applied."

■ To withstand a due process challenge for vagueness in this analytical framework, a statute must satisfy two prongs: it must define prohibited conduct with sufficient specificity to put citizens on notice of what conduct they must avoid, and preclude arbitrary and discriminatory law enforcement by defining standards which are not inherently subjective. *State v. Coria*, 120 Wn.2d 156, 163-64, 839 P.2d 890 (1992).

■ In determining whether a statute defines the prohibited conduct with sufficient specificity, the court considers whether the terms used are "so vague that persons of common intelligence must necessarily guess at [their] meaning . . . ." *See City of Tacoma v. Luvene*, 118 Wn.2d 826, 844, 827 P.2d 1374 (1992). The statute is evaluated in light of the particular facts of the case, "inspecting the actual conduct of the party who challenges the

ordinance and not by examining hypothetical situations at the periphery of the ordinance's scope." *State v. Sigman*, 118 Wn.2d 442, 446, 826 P.2d 144 (1992) (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 182-83, 795 P.2d 693 (1990)).

The challenged statute provides: "On the private and public lands of this state it shall be unlawful for any person . . . to knowingly remove, alter, dig into . . . or destroy any historic or prehistoric archeological resource or site, or remove any archeological object from such site . . . without having obtained a written permit from the director for such activities." RCW 27.53.060(1).

The term "archeological resource" is defined by RCW 27.53.040:

> All sites, objects, structures, artifacts, implements, and locations of prehistorical or archeological interest, whether previously recorded or still unrecognized, including, but not limited to, those pertaining to prehistoric and historic American Indian or aboriginal burials, campsites, dwellings, and habitation sites, . . . their artifacts and implements of culture such as projectile points, arrowheads, . . . and other implements and artifacts of any material . . . are hereby declared to be archeological resources.

■■ The evidence showed Ms. Lightle and Mr. Horner were engaged in digging for and gathering arrowheads, items specifically mentioned in the definition of archeological resources. The statutory language is sufficient to put ordinary citizens on notice that such conduct is prohibited.

A statute is also unconstitutionally vague if it fails to "provide ascertainable standards of guilt to protect against arbitrary enforcement." *Douglass*, 115 Wn.2d at 178. This occurs when a statute uses inherently subjective terms. *State v. Russell*, 69 Wn. App. 237, 246, 848 P.2d 743, *review denied*, 122 Wn.2d 1003 (1993). While the term "of archeological interest" may involve a subjective judgment, the judgment would be that of an archeologist, not a law

enforcement officer. Thus, the term does not create a risk of arbitrary enforcement.

## CONCLUSION

The statute is not unconstitutionally vague.

Reverse and remand for trial.

SWEENEY, C.J., and KURTZ, J., concur.