# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DON KENNEDY PROPERTIES, LLC, d/b/a DON KENNEDY REAL ESTATE, as agent for the owner, | No. 69815-0-I |
| | DIVISION ONE |
| Respondent, | |
| | UNPUBLISHED OPINION |
| v. | |
| JOEL CHRISTOPHER HOLMES and ALL OTHER OCCUPANTS, | |
| | FILED: January 17, 2017 |
| Appellant. | |

APPELWICK, J. — DK initiated an unlawful detainer action against Holmes, due to accumulated garbage in his apartment. A commissioner ruled in favor of DK. Holmes argues that he should have been transported from the jail to appear in person at the show cause hearing, that the summons was defective, that the monetary judgment entered against him was erroneous, that DK failed to give adequate notice, and that RCW 59.18.130 is unconstitutional. We affirm.

## FACTS

Joel Christopher Holmes was a tenant in a property owned by Don Kennedy Properties LLC ("DK"). DK discovered that the apartment was "in a state of

extreme clutter." On November 19, 2012, DK served Holmes with a ten day notice to comply or vacate that stated,

> Your unit is in a state of extreme clutter and disarray. You have excessive amounts of paper, waste, trash, and other detritus and junk in your apartment. This violates RCW 59.18.130(1) that requires you to "Keep that part of the premises which [you occupy] as clean and sanitary as the conditions of the premises permit" and RCW 59.18.130(2) that requires you to "Properly dispose from [your] dwelling unit all rubbish, garbage, and other organic or flammable waste, in a clean and sanitary manner at reasonable and regular intervals."
>
> The corrective action required is:
>
> You must remove all excess property and other items and clean your apartment within the time allowed for compliance with this notice.

(Alterations in original.) On December 10, 2012, DK filed a complaint for unlawful detainer. On December 27, 2012, a commissioner found in favor of DK, and entered a monetary judgment against Holmes totaling $1,696 in attorney fees, unpaid rent, and other costs.

## DISCUSSION

We discern five arguments from Holmes's briefing. He argues that his constitutional rights were violated when, due to incarceration, he did not appear in person at the show cause hearing. He argues that the summons he received was defective. He argues that the trial court erred in entering a monetary judgment against him. He argues that DK illegally entered his apartment without notice. He argues that RCW 59.18.130(1) and (2) are unconstitutionally vague. Finally, we also address whether the prevailing party is entitled to attorney fees and whether Holmes's appellate filing fee should be waived due to indigency.

I. Appearance at Show Cause Hearing

Holmes first argues that his due process rights were violated because the commissioner did not arrange for Holmes to appear at the show cause hearing in-person. Holmes claims he was incarcerated at the time on an unrelated matter. He therefore appeared telephonically.

But, nothing in the record indicates that Holmes requested or argued below that he should have been transported from the jail to appear at the hearing in person. We will generally not review arguments raised for the first time on appeal. RAP 2.5(a). We will review questions of "manifest" constitutional magnitude raised for the first time on appeal. State v. Kirkman, 159 Wn.2d 918, 934, 155 P.3d 125 (2007). But, if the trial record is insufficient to determine the merits of the constitutional claim, the error is not "manifest" and review is not warranted. Id. at 935. Based on the insufficiency of the record, any claimed error here is not manifest.

II. Validity of Summons

Holmes argues that the summons he received was defective and the commissioner therefore lacked jurisdiction. Nothing in the record shows that Holmes raised the issue of a defective summons in the trial court. It is true that RAP 2.5(a)(1) explicitly permits a party to raise lack of jurisdiction for the first time on appeal. However, we have previously held that arguments that a summons is defective "go to something other than subject matter jurisdiction" and therefore may not be raised for the first time on appeal. MHM & F, LLC v. Pryor, 168 Wn.

App. 451, 460, 277 P.3d 62 (2012). Therefore, we decline to address this argument.

### III. Monetary Judgment

Holmes also argues that the trial court erred in entering a $1,696 judgment against him. This included $497 in unpaid rent, $700 in attorney fees, and $499 in court costs. The judgment explicitly reserved the issue of damages to the premises. Under RCW 59.18.410 and 59.18.290(2), a tenant may be held liable for rent owed, attorney fees, and costs. Here, though he assigns error to the judgment in its entirety, Holmes makes specific arguments regarding only the attorney fees and costs awarded. We review an award for of attorney fees and court costs for abuse of discretion. Bevan v. Meyers, 183 Wn. App. 177, 188, 334 P.3d 39 (2014).

First, Holmes argues that the $700 fee award to DK was an abuse of discretion, because an attorney paid via retainer instead of hourly should not be awarded attorney fees.[1] He provides no authority that such a distinction has been recognized by our appellate courts. See RAP 10.3 (a)(6) (requiring appellants to provide "citations to legal authority"). Nor has Holmes shown that the commissioner abused his discretion in the amount of attorney fees awarded.[2]

---

[1] Nothing in the record establishes that DK's attorneys were in fact paid on retainer, but we assume this fact for the purposes of argument.

[2] Holmes also argues that DK should not have received attorney fees because no rental agreement provided for attorney fees to a prevailing party in a lawsuit. But, the existence of such an agreement is irrelevant, because RCW 59.18.410 and RCW 59.18.290 authorize a court to award attorney fees to a prevailing party in an unlawful detainer action.

Second, Holmes argues that the commissioner abused his discretion in awarding DK $499 in court costs. Holmes primarily argues that the state of his apartment did not cause "specific economic harm" to DK. But, the judgment explicitly did not award costs for "damage to the premises." Rather, the judgment awarded court costs, which RCW 59.18.290(2) allows. The commissioner did not abuse his discretion in awarding court costs.

IV. Sufficiency of Notice

Holmes asserts that DK illegally entered his apartment without sufficient statutory notice.[3] He contends in his reply brief that under applicable statutes he should have received 30 days' notice prior to this action, rather than the 10 days' notice that he actually received.

But, nothing in the record shows that Holmes argued insufficient notice in the proceeding below. We therefore do not address Holmes's notice arguments. See RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court."); Hall v. Feigenbaum, 178 Wn. App. 811, 817-18, 319 P.3d 61 (2014) (declining to review issues because appellant "did not raise the associated issues below"); Dykstra v. County of Skagit, 97 Wn. App. 670, 676, 985 P.2d 424 (1999) (declining, pursuant to RAP 10.3(c), to address issue first raised in reply brief).

---

[3] Holmes asserts that this violated both landlord-tenant statutes and the Fourth Amendment prohibition on unreasonable searches and seizures. But, because DK is not a state actor, the Fourth Amendment does not apply. See State v. Eisfeldt, 163 Wn.2d 628, 635 n.3, 185 P.3d 580 (2008) ("Article I, section 7 and Fourth Amendment protections apply only to searches by state actors, not to searches by private individuals."). Therefore, we treat this as an allegation that DK's entry violated Washington's landlord-tenant statutes.

## V. Constitutionality of RCW 59.18.130(1) and (2)

Holmes asserts that RCW 59.18.130(1) and (2) are unconstitutionally vague because they fail to specifically define what constitutes "garbage." Although the record does not show that Holmes challenged RCW 59.18.130's constitutionality below, we exercise our discretion to briefly address it. RAP 2.5(a)(3); see also Parmelee v. O'Neel, 145 Wn. App. 223, 232-33, 186 P.3d 1094 (2008) (addressing constitutionality of statute for the first time on appeal), reversed in part on other grounds by 168 Wn.2d 515, P.3d 723 (2010).

We review the constitutionality of statutes de novo. Hale v. Wellpinit Sch. Dist. No. 49, 165 Wn.2d 494, 503, 198 P.3d 1021 (2009). Statutes are presumed constitutional, and the standard for finding a statute unconstitutionally vague is high. State v. Watson, 160 Wn.2d 1, 11, 154 P.3d 909 (2007). The presumption in favor of a law's constitutionality should be overcome in only exceptional cases. Id. One who challenges a statute's constitutionality for vagueness bears the burden of proving beyond a reasonable doubt that it is unconstitutionally vague. Id.

Holmes argues one man's trash is another man's treasure. The statute does not use the term "trash," it uses the terms "rubbish" and "garbage." RCW 59.18.130(2). The terms "rubbish" and "garbage" have ordinary and accepted meanings. See, e.g., WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1983 (2002) (defining "rubbish" as "miscellaneous useless valueless waste or rejected matter"); Id. at 935 (defining "garbage" as "refuse of any kind"). When a term "has an ordinary and accepted meaning" it gives sufficient notice of the conduct that the

statute prohibits. See State v. Sigman, 118 Wn.2d 442, 446-47, 826 P.2d 144 (1992) (holding that "knowingly" is sufficiently definite because it "has an ordinary and accepted meaning"). Washington courts have often held that the fact that a term could be clearer does not render a statute impermissibly vague. See, e.g., Watson, 160 Wn.2d at 11 ("[W]e do not invalidate statutes for vagueness simply because they 'could have been drafted with greater precision.'" (quoting City of Spokane v. Douglass, 115 Wn2d 171, 179, 795 P.2d 890 (1992))); State v. Halstien, 122 Wn.2d 109, 118-19, 857 P.2d 270 (1993) (holding that "sexual motivation" is not impermissibly vague). Holmes has not carried his heavy burden to show beyond a reasonable doubt that RCW 59.18.130(1) and (2) are unconstitutionally vague.

## VI. Attorney Fees

DK requests attorney fees on appeal. Under RCW 59.18.410, a landlord that succeeds in an unlawful detainer action may be awarded reasonable attorney fees. DK succeeded at the trial court and has prevailed on appeal. We therefore award DK reasonable attorney fees subject to its compliance with RAP 18.1(d).

## VII. Motion for Return of Filing Fee

On April 4, 2013, the Washington Supreme Court denied a motion seeking expenditure of public funds, and Holmes ultimately paid the Court of Appeals filing fee. Holmes filed a motion that seeks a refund of the filing fee in this case (and a handful of previous cases) due to indigency. Holmes has failed to identify how circumstances have changed since the Supreme Court's ruling that Holmes must

7

pay the filing fee. We therefore deny Holmes's request for a refund of the filing fee in this case.

We affirm.

WE CONCUR: