**FILED**
**DECEMBER 20, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35450-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NESTOR V. GONZALEZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Nestor Gonzalez appeals his guilty pleas to robbery in the first degree and two counts of kidnapping in the first degree. He argues that his kidnapping conviction is unconstitutional because the kidnapping statute is vague on its face and as applied. In his statement of additional grounds for review, Mr. Gonzalez argues that his convictions for both robbery and kidnapping are unconstitutional because the same facts cannot be used to convict him of two separate crimes. We reject his contentions and affirm.

FACTS

Mr. Gonzalez pleaded guilty to robbery in the first degree, theft of a firearm, and two counts of kidnapping in the first degree. From his January 2011 plea agreement, Mr. Gonzalez admitted to the following facts:

> On June 12, 2010 in Kittitas County, Washington, while in the commission of a robbery, I was armed with a deadly weapon, to wit, a firearm. I also intentionally abducted 2 persons with the intent to facilitate the commission of the robbery. I stole a firearm during the robbery.

Clerk's Paper at 31.

Years after his judgment and sentence, Mr. Gonzalez filed a personal restraint petition (PRP) that was dismissed. Order Dismissing Personal Restraint Petition, *In re Pers. Restraint of Gonzalez*, No. 32644-6-III (Wash. Ct. App. Dec. 14, 2015). Our court commissioner thereafter granted Mr. Gonzalez's motion to extend the time to file his notice of appeal. *See State v. Gonzalez*, No. 35450-4-III, Commissioner's Ruling, (Nov. 9, 2017). Mr. Gonzalez now appeals and challenges the validity of his kidnapping conviction on grounds that the statute is unconstitutionally vague or that his convictions for both kidnapping and robbery violate double jeopardy.

Both parties accept the following as the pertinent facts:

> The facts from the police incident report showed that Mr. Gonzalez pointed a pistol at the gun store owner and forced him and a customer to move to the back isle [sic]of the store. . . . Mr. Gonzalez ordered the men to lie face down on the floor and he tied their hands behind their backs.

Appellant's Br. at 2.

## ANALYSIS

### VAGUENESS

Mr. Gonzalez argues that the statute for kidnapping in the first degree is unconstitutionally vague because it lacks ascertainable standards and fails to protect against arbitrary enforcement.

"A person is guilty of kidnapping in the first degree if he or she intentionally abducts another person with intent [to do any one of five prohibited types of actions]." RCW 9A.40.020(1).

Mr. Gonzalez argues "abducts" is unconstitutionally vague. "'Abduct' means to restrain a person by either (a) secreting or holding him [or her] in a place where he [or she] is not likely to be found, or (b) using or threatening to use deadly force." Former RCW 9A.40.010(2) (1975).

Mr. Gonzalez argues "restrain" is unconstitutionally vague. "'Restrain' means to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his [or her] liberty." Former RCW 9A.40.010(1).

3

"'The constitutionality of a statute . . . is an issue of law, which we review de novo.'" *State v. Watson*, 160 Wn.2d 1, 5, 154 P.3d 909 (2007) (alteration in original) (quoting *Kitsap County v. Mattress Outlet*, 153 Wn.2d 506, 509, 104 P.3d 1280 (2005)). A statute is presumed constitutional unless its unconstitutionality appears beyond a reasonable doubt. *State v. Aver*, 109 Wn.2d 303, 306-07, 745 P.2d 479 (1987). The party that challenges the constitutionality of the statute has the burden to prove it is unconstitutional. *City of Spokane v. Douglass*, 115 Wn.2d 171, 177, 795 P.2d 693 (1990).

The Fourteenth Amendment to the United States Constitution requires that citizens are given fair warning and notice to prohibited conduct:

> Under the due process clause, an ordinance is unconstitutionally vague if a challenger demonstrates, beyond a reasonable doubt, either (1) that the ordinance does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) that the ordinance does not provide ascertainable standards of guilt to protect against arbitrary enforcement.

*Douglass*, 115 Wn.2d at 178. The test for a penal statute is common intelligence. *Id.* at 179. "[A]n 'ordinance is unconstitutional when it forbids conduct in terms so vague that persons of common intelligence must guess at its meaning and differ as to its application.'" *Id.* (quoting *Burien Bark Supply v. King County*, 106 Wn.2d 868, 871, 725 P.2d 994 (1986)). When it comes to arbitrary enforcement, an "'enactment is

4

unconstitutional only if it invites an inordinate amount of police discretion.'" *In re Det. of Danforth*, 173 Wn.2d 59, 74, 264 P.3d 783 (2011) (quoting *Douglass*, 115 Wn.2d at 181). Some subjective evaluation by an officer to determine whether the statute applies is not a sufficient showing of arbitrary enforcement to establish vagueness. *Id.*

"'Vagueness challenges to enactments which do not involve First Amendment rights are to be evaluated in light of the particular facts of each case.'" *State v. Sigman*, 118 Wn.2d 442, 445, 826 P.2d 144 (1992) (quoting *Douglass*, 115 Wn.2d at 182); *see also State v. Harrington*, 181 Wn. App. 805, 826, 333 P.3d 410 (2014). "'[W]hen a challenged ordinance does not involve First Amendment interests, the ordinance is not properly evaluated for facial vagueness. Rather, the ordinance must be judged as applied.'" *Sigman*, 118 Wn.2d at 446 (quoting *Douglass*, 115 Wn.2d at 182).

Here, Mr. Gonzalez pointed a gun at the store owner, moved the owner and a customer to the back of the store, ordered them to lie face down, and tied their hands behind their backs. Using deadly force to threaten the owner and the customer and moving them to the back of the store where they would not likely be found clearly meets the statutory standards of "abduct." Former RCW 9A.40.010(2). Requiring the owner and the customer to lie face down and tying their hands behind their backs clearly meets the statutory standard of "restrain." Former RCW 9A.40.010(1). As applied to Mr.

5

Gonzalez, the challenged statute provides sufficient definiteness that ordinary people can understand what conduct is proscribed. As applied to Mr. Gonzalez, the challenged statute also provides ascertainable standards of guilt to protect against arbitrary enforcement.

Mr. Gonzalez complains that the statutory definitions too easily allow the State to "stack" kidnapping on top of other crimes when kidnapping is incidental to other charged crimes. "Stacking" is not the relevant constitutional test. Rather, the test is whether the statute provides ascertainable standards of guilt to protect against arbitrary enforcement. As applied to Mr. Gonzalez, the challenged statute is sufficiently definite to protect against arbitrary enforcement.

DOUBLE JEOPARDY

Mr. Gonzalez asserts that his convictions for robbery and kidnapping were based on the same conduct and thus violate his Fifth Amendment right against double jeopardy.[1] Double jeopardy claims are reviewed de novo. *State v. Kelley*, 168 Wn.2d 72, 76, 226 P.3d 773 (2010). The double jeopardy clause of the Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution provide the

---

[1] If Mr. Gonzalez's argument is that the robbery and kidnapping should have merged into one offense, the Supreme Court has made clear the two crimes never merge. *State v. Berg*, 181 Wn.2d 857, 866, 337 P.3d 310 (2014).

same protection. *Id.* Each provision bars multiple punishments for the same offense, inter alia. *Id.*

When determining if there is a double jeopardy violation because of an assertion of multiple punishments for the same offense, the Washington Supreme Court has adopted the "same elements" test from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). *See State v. Gocken*, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995); *see also United States v. Dixon*, 509 U.S. 688, 696-97, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993) (overruling the "same conduct test" in *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990)).[2]

The "same elements" test considers whether each offense contains a different element than the other:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is *whether each provision requires proof of a fact which the other does not.*"

*Gocken*, 127 Wn.2d at 101 (quoting *Blockburger*, 284 U.S. at 304).

---

[2] The *Blockburger* test was the standard test for almost 60 years until *Grady*. *Grady* established a new two-part test that included the *Blockburger* test and a "same conduct" test. The United States Supreme Court overruled the "same conduct" test and returned to the traditional *Blockburger* test three years later in *Dixon*.

Here, Mr. Gonzalez's convictions for robbery in the first degree and kidnapping in the first degree each require a proof of fact the other does not. "Robbery" is defined as "unlawfully tak[ing] personal property from the person of another or in his [or her] presence against his [or her] will by the use or threatened use of immediate force, violence, or fear of injury to that person or his [or her] property or the person or property of anyone." Former RCW 9A.56.190 (1975). "'Kidnapping' is defined as the intentional abduction of another person." *Berg*, 181 Wn.2d at 863 (citing RCW 9A.40.030). Simply put, robbery requires proof that personal property was unlawfully taken from a victim that kidnapping does not. Kidnapping requires proof of intentionally abducting another person that robbery does not. Therefore, both robbery and kidnapping require proof of a fact that the other does not require, and they constitute separate offenses. We reject Mr. Gonzalez's double jeopardy claim.

APPELLATE COSTS

Mr. Gonzalez asks this court to not award appellate costs in the event the State substantially prevails. The State has substantially prevailed. In accordance with RAP 14.2, we defer the question of appellate costs to our commissioner or clerk/administrator.

8

No. 35450-4-III
*State v. Gonzalez*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____      _____
Fearing, J.                          Pennell, J.