[No. 56674–7. En Banc. August 23, 1990.]

THE CITY OF SPOKANE, *Petitioner,* v. HARLAN D. DOUGLASS, *Respondent.*

*James C. Sloane, City Attorney,* and *Salvatore J. Faggiano, City Prosecutor,* for petitioner.

*Delay, Curran, Thompson & Pontarolo, P.S.,* by *Joseph P. Delay; Thompson & Delay,* by *Paul J. Delay,* for respondent.

DURHAM, J.—Harlan D. Douglass challenges the constitutionality of the City of Spokane's nuisance ordinance, Spokane Municipal Code (SMC) § 10.08.030. In a pretrial motion, Douglass moved to dismiss charges that he violated the ordinance on the theory that SMC § 10.08.030 is unconstitutionally vague. The Spokane County District Court agreed and dismissed the charges. On appeal, the Spokane County Superior Court affirmed. Our review has led us to conclude that the factual record in this case is inadequate to determine whether the municipal ordinance is unconstitutionally vague. Accordingly, the judgment below is reversed and the case remanded for further proceedings consistent with the principles discussed herein.

On October 27, 1987, the City of Spokane filed criminal charges against Douglass alleging eight separate violations of SMC § 10.08.030. Specifically, the City alleged that Douglass violated SMC § 10.08.030(A)(1), (B)(2), (3) and (5). SMC § 10.08.030 provides that:

> A. No person may do an act, omit to act, engage in a course of activity, or create or maintain a condition which unreasonably:
> 1. interferes with the comfort, solitude, health, or safety of others; or
> 2. offends common decency; or
> 3. offends common sensibilities and senses by way of extreme noise, light, or odor; or
> 4. obstructs or renders hazardous for public passage any public way or place; or
> 5. pollutes or renders less usable any watercourse or water body.

B. No person may maintain upon any land:

1. a refrigerator, freezer, or other insulated container within which a child could suffocate;

2. a pit, excavation, swimming pool, well, or other uncovered hole into which a person could fall;

3. lumber, metal, plastic, paper, cardboard, or other scrap material deposited in such place and manner as to constitute a hazardous attraction to children;

4. unused or junk vehicle or machinery or parts unless enclosed and secured as required by law for wrecking yards, or junk yards; or

5. an abandoned or vacant building, structure or part thereof not securely closed to entry.

C. No person may maintain upon any land:

1. any toxic, radioactive, caustic, explosive, malodorous, or septic substances, such as putrescent animal, fish, or fowl parts, animal or vegetable waste matter, excrement, and any material likely to attract or breed flies or rats, unless kept in proper receptacles as provided by the health and refuse laws;

2. any structure, collection of wood, cloth, paper, plastic, or glass material, vegetation, or flammable substances kept in such manner as to create a substantial risk of combustion or spread of fire.

SMC § 10.08.030.[1]

The factual record underlying the criminal charges is limited to two separate bills of particular, which reveal the following information. The eight charged violations of SMC § 10.08.030 occurred on October 5, 15, 16, 19, and 21, 1987. All of the alleged violations occurred in the City of Spokane; five occurred at 3018 South Regal and three occurred at 2815 East 31st Street.

Spokane Police Department Officer Robert Grandinetti responded to 2815 East 31st Street on three separate dates. Each time he observed the house to be open, vacant, and unsecured. On each occasion, Grandinetti entered the house and noted that all of the doors, windows, and plumbing fixtures had been removed and that debris was strewn about the house.

Grandinetti responded to 3018 South Regal on five separate dates regarding complaints that the house was vacant, unsecured, and that large numbers of teenagers were using

---

[1]No part of subsection C was challenged.

the house for parties. Each time Grandinetti responded, he observed that the condition of the premises had progressively deteriorated. Specifically, on October 5, 1987, he found the doors to the premises open, the water and electricity on, debris strewn in all parts of the house, and a plugged–in electric blanket in one of the bedrooms. In addition, he observed that a wooden fence in the yard was torn down in sections, exposing an open swimming pool hole.

Ten days later, Grandinetti found all the doors, moldings, and other salvageable items removed from the premises. He observed that almost all of 'the glass in the house was broken and that the interior of the house had been damaged by means of kicking the plasterboard and spray painting the walls. He also discovered an individual sleeping on a makeshift cot in one of the bedrooms. Grandinetti reported large amounts of spray paint on the walls of the pool area of the backyard as well as other debris inside and outside the house.

On October 16, 1987, Grandinetti found 20 to 25 teenagers at the premises. Some of the teenagers were skateboarding in the empty pool; others were on the side of the pool. Grandinetti again found teenagers at the premises skateboarding in the pool on October 19 and 21, 1987.

On November 23, 1987, Douglass appeared in Spokane County District Court, Spokane Municipal Department. A jury trial was set for April 18, 1988. On March 10, 1988, Douglass moved to dismiss the charges on the theory that SMC § 10.08.030 is unconstitutionally vague. On April 8, 1988, District Court Judge Maggs heard the motion for dismissal. At the hearing on the motion for dismissal, "both parties insist[ed that] the ordinance['s] validity be decided solely on its face."

On May 12, 1988, in a written decision, Judge Maggs declared SMC § 10.08.030(A) and (B) unconstitutionally vague. Accordingly, Judge Maggs dismissed the criminal charges.

On May 26, 1988, pursuant to RALJ 2.4(c) and RALJ 2.6, the City filed notice of appeal to the Spokane County Superior Court. On April 5, 1989, Judge Clarke affirmed the Spokane County District Court's dismissal and held that the ordinance was void for vagueness under both the fourteenth amendment to the United States Constitution and article 1, section 3 of the Washington State Constitution.

The City sought discretionary review of the Superior Court decision in the Court of Appeals. Pursuant to RAP 2.3(d)(2), the motion was granted on June 16, 1989. On November 16, 1989, pursuant to RCW 2.06.030, the Court of Appeals certified the case to this court. We accepted certification. We are asked to decide if SMC § 10.08.030(A) and (B) abridge the due process clause of the state and federal constitutions.

I

█ Whenever a party invokes the protection of the Washington Constitution, we must determine if the asserted right is more broadly protected under the state constitution than it is under federal constitutional law. *E.g., Forbes v. Seattle,* 113 Wn.2d 929, 934, 785 P.2d 431 (1990). Although Douglass contends that SMC § 10.08.030 is unconstitutionally vague under the due process clause of both the federal and state constitutions, U.S. Const. amend. 14, § 1 and Const. art. 1, § 3, he offers no argument or analysis why Const. art. 1, § 3 is more protective than the federal counterpart. Moreover, Douglass has not addressed the criteria identified in *State v. Gunwall,* 106 Wn.2d 54, 61–62, 720 P.2d 808, 76 A.L.R.4th 517 (1986), which is a necessary step before this court can determine whether the state constitutional provision affords broader protection than its federal counterpart. *State v. Carver,* 113 Wn.2d 591, 598–99, 781 P.2d 1308, 789 P.2d 306 (1989). *See also Forbes v. Seattle,* 113 Wn.2d at 934; *State v. Long,* 113 Wn.2d 266, 271, 778 P.2d 1027 (1989); *State v. Worrell,* 111 Wn.2d 537, 539 n.1, 761 P.2d 56 (1988); *State v. Wethered,*

110 Wn.2d 466, 472, 755 P.2d 797 (1988). Accordingly, Douglass' due process claim is decided under federal constitutional law.

## II

At issue here is whether SMC § 10.08.030 is unconstitutionally vague under the due process clause of the fourteenth amendment to the United States Constitution. Although we conclude that the trial court erred in dismissing the charges, we remand this case for further proceedings because the factual record is inadequate to determine whether SMC § 10.08.030 is unconstitutionally vague as applied to Douglass.

Our analysis proceeds in three steps. We first discuss the appropriate standard of review for adjudicating vagueness challenges. Second, we review the parameters of the void for vagueness doctrine. Finally, we address the proper analytical format to be employed in reviewing the constitutionality of SMC § 10.08.030.

### STANDARD OF REVIEW

Municipal ordinances are to be interpreted under the same rules of statutory construction as are state statutes. *E.g., Spokane v. Fischer,* 110 Wn.2d 541, 542, 754 P.2d 1241 (1988). A duly enacted ordinance is presumed to be constitutional and will be declared unconstitutionally vague only if the ordinance is unconstitutional beyond a reasonable doubt. *E.g., Seattle v. Eze,* 111 Wn.2d 22, 26, 759 P.2d 366 (1988). The party challenging the ordinance's constitutionality on the theory that the ordinance is unconstitutionally vague has the heavy burden of proving the ordinance's unconstitutionality beyond a reasonable doubt. *Eze,* at 26; *State v. Aver,* 109 Wn.2d 303, 307, 745 P.2d 479 (1987); *State v. Maciolek,* 101 Wn.2d 259, 264, 676 P.2d 996 (1984). *See also Spokane v. Vaux,* 83 Wn.2d 126, 129, 516 P.2d 209 (1973); *State v. Primeau,* 70 Wn.2d 109, 111, 422 P.2d 302 (1966).

## VAGUENESS

■ The due process clause of the Fourteenth Amendment requires that citizens be afforded fair warning of proscribed conduct. *Rose v. Locke,* 423 U.S. 48, 49, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975). *See also Grayned v. Rockford,* 408 U.S. 104, 108, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972); *Colten v. Kentucky,* 407 U.S. 104, 110, 32 L. Ed. 2d 584, 92 S. Ct. 1953 (1972). Under the due process clause, an ordinance is unconstitutionally vague if a challenger demonstrates, beyond a reasonable doubt, either (1) that the ordinance does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) that the ordinance does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Kolender v. Lawson,* 461 U.S. 352, 357, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983);[2] *State v. Motherwell,* 114 Wn.2d 353, 369, 788 P.2d 1066 (1990).[3] An ordinance is unconstitutionally vague if either requirement is not satisfied. *E.g., American Dog Owners Ass'n v. Yakima,* 113 Wn.2d 213, 215, 777 P.2d 1046 (1989).

■ The requirement that penal statutes define a criminal offense with sufficient definiteness, *i.e.,* provide fair warning, protects individuals from being held criminally accountable for conduct which a person of ordinary intelligence could not reasonably understand to be prohibited.

---

[2] *See also Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 71 L. Ed. 2d 362, 102 S. Ct. 1186, *reh'g denied,* 456 U.S. 950 (1982); *Smith v. Goguen,* 415 U.S. 566, 39 L. Ed. 2d 605, 94 S. Ct. 1242 (1974); *Grayned v. Rockford,* 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972); *Papachristou v. Jacksonville,* 405 U.S. 156, 31 L. Ed. 2d 110, 92 S. Ct. 839 (1972); *Connally v. General Constr. Co.,* 269 U.S. 385, 70 L. Ed. 322, 46 S. Ct. 126 (1926).

[3] *See also American Dog Owners Ass'n v. Yakima,* 113 Wn.2d 213, 215, 777 P.2d 1046 (1989); *Seattle v. Huff,* 111 Wn.2d 923, 929, 767 P.2d 572 (1989); *Clyde Hill v. Roisen,* 111 Wn.2d 912, 917, 767 P.2d 1375 (1989); *State v. Worrell,* 111 Wn.2d 537, 540, 761 P.2d 56 (1988); *Seattle v. Eze,* 111 Wn.2d 22, 26, 759 P.2d 366 (1988); *State v. Smith,* 111 Wn.2d 1, 4–5, 759 P.2d 372 (1988); *Spokane v. Fischer,* 110 Wn.2d 541, 543, 754 P.2d 1241 (1988); *State v. Miller,* 103 Wn.2d 792, 794, 698 P.2d 554 (1985); *State v. Richmond,* 102 Wn.2d 242, 243–44, 683 P.2d 1093 (1984); *State v. Maciolek,* 101 Wn.2d 259, 264, 676 P.2d 996 (1984).

*Rose v. Locke,* 423 U.S. at 49 (quoting *United States v. Harriss,* 347 U.S. 612, 617, 98 L. Ed. 989, 74 S. Ct. 808 (1954)); *American Dog Owners Ass'n,* 113 Wn.2d at 215. Accordingly, the test for whether the penal statute is sufficiently definite is common intelligence. *Motherwell,* 114 Wn.2d at 369; *Maciolek,* 101 Wn.2d at 265; *Vaux,* 83 Wn.2d at 129. Under the due process clause, an "ordinance is unconstitutional when it forbids conduct in terms so vague that persons of common intelligence must guess at its meaning and differ as to its application." *Burien Bark Supply v. King Cy.,* 106 Wn.2d 868, 871, 725 P.2d 994 (1986). This test, however, does not demand impossible standards of specificity or absolute agreement. *Kolender v. Lawson, supra* at 361; *e.g., American Dog Owners Ass'n,* 113 Wn.2d at 215. If persons of ordinary intelligence can understand what the ordinance proscribes, notwithstanding some possible areas of disagreement, the ordinance is sufficiently definite. *Motherwell,* 114 Wn.2d at 369 (quoting *Maciolek,* 101 Wn.2d at 265).

Similarly, the due process requirement that a penal statute define a criminal offense with sufficient definiteness does not extend to invalidating statutes which a reviewing court believes could have been drafted with greater precision. *Rose v. Locke, supra* at 49; *Eze,* 111 Wn.2d at 27. As the Supreme Court stated in *Colten v. Kentucky, supra* at 110, the void for vagueness doctrine

> is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

In other words, "vagueness in the constitutional sense is not mere uncertainty."[4] *Smith,* 111 Wn.2d at 10. Vagueness in the constitutional sense means that persons of ordinary intelligence are obliged to guess as to what conduct the ordinance proscribes.

---

[4]It is well understood that "[i]n most English words and phrases there lurk uncertainties." *Robinson v. United States,* 324 U.S. 282, 286, 89 L. Ed. 944, 65 S.

In determining whether a challenged ordinance is sufficiently definite so as to provide fair warning of proscribed conduct, the language of the ordinance is not examined in a vacuum. Rather, the context of the entire enactment is considered. *Seattle v. Huff*, 111 Wn.2d 923, 929, 767 P.2d 572 (1989). Furthermore, the language used in the enactment is afforded a sensible, meaningful, and practical interpretation.[5] *See State v. Dixon*, 78 Wn.2d 796, 805, 479 P.2d 931 (1971) (quoting *Beauharnais v. Illinois*, 343 U.S. 250, 253, 96 L. Ed. 919, 72 S. Ct. 725 (1952) ("Where a statute is specifically directed at a manifest evil and couched in language drawn from history and practice, courts should not 'parse the statute as grammarians or treat it as an abstract exercise in lexicography.'")). The fact that some terms in an enactment are undefined does not automatically mean that the enactment is unconstitutionally vague. For clarification, citizens may resort to the statements of law contained in both statutes and in court rulings which are "[p]resumptively available to all citizens". *Smith*, 111 Wn.2d at 7.

■ In addition to the requirement of fair notice, the due process clause requires that a penal statute provide adequate standards to protect against arbitrary, erratic, and discriminatory enforcement.[6] *See American Dog Owners*

---

Ct. 666 (1945). Because we are "[c]ondemned to the use of words, we can never expect mathematical certainty from our language." (Footnote omitted.) *Grayned v. Rockford*, 408 U.S. 104, 110, 33 L. Ed. 2d ?22, 92 S. Ct. 2294 (1972).

[5]In *Sproles v. Binford*, 286 U.S. 374, 76 L. Ed. 1167, 52 S. Ct. 581 (1932), the Supreme Court stated: "The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. The use of common experience as a glossary is necessary to meet the practical demands of legislation." (Citations omitted.) *Sproles*, at 393.

[6]The United States Supreme Court has determined that this is the more important aspect of the vagueness doctrine. *Kolender v. Lawson*, 461 U.S. 352, 358, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983). In *Kolender*, the Supreme Court explained the rationale by stating:

*Ass'n,* 113 Wn.2d at 216. In this respect, the due process clause forbids

> criminal statutes that contain no standards and allow police officers, judge, and jury to subjectively decide what conduct the statute proscribes or what conduct will comply with a statute in any given case.

*Maciolek,* 101 Wn.2d at 267. Accordingly, the due process clause requires that a penal ordinance provide "minimal guidelines . . . to guide law enforcement". *Worrell,* 111 Wn.2d at 544.

In determining if a penal statute provides adequate standards for enforcement, one must decide whether the ordinance proscribes conduct by resort to "inherently subjective terms." *Maciolek,* 101 Wn.2d at 267. Again, the terms of the ordinance are not viewed in a vacuum; rather, the question is whether the terms are "inherently subjective in the context in which they are used." *Worrell,* 111 Wn.2d at 544. The fact that an ordinance may require a subjective evaluation by a police officer to determine whether the enactment has been violated does not mean the ordinance is unconstitutional. *American Dog Owners Ass'n,* 113 Wn.2d at 216; *Maciolek,* 101 Wn.2d at 267. Under the due process clause, the enactment is unconstitutional only if it invites an inordinate amount of police discretion. *See American Dog Owners Ass'n,* 113 Wn.2d at 216.

ANALYTICAL FORMAT

We now consider Douglass' challenge to the constitutionality of SMC § 10.08.030. In any vagueness challenge, the first step is to determine if the statute in question is to be examined as applied to the particular case or to be

---

Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections."
*Kolender,* at 358 (quoting *Smith v. Goguen,* 415 U.S. 566, 575, 39 L. Ed. 2d 605, 94 S. Ct. 1242 (1974)).

reviewed on its face.[7] *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1346 (9th Cir. 1984). Here, the trial court examined SMC § 10.08.030 for facial unconstitutional vagueness. This was inappropriate. The trial court should have inspected the ordinance for unconstitutional vagueness in light of how the ordinance was applied to Douglass.[8]

The rule regarding vagueness challenges is now well settled. Vagueness challenges to enactments which do not involve First Amendment rights are to be evaluated in light of the particular facts of each case. *Maynard v. Cartwright*, 486 U.S. 356, 361, 100 L. Ed. 2d 372, 108 S. Ct. 1853 (1988); *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7, 71 L. Ed. 2d 362, 102 S. Ct. 1186, *reh'g denied*, 456 U.S. 950 (1982); *United States v. Powell*, 423 U.S. 87, 92–93, 46 L. Ed. 2d 228, 96 S. Ct. 316 (1975); *United States v. Mazurie*, 419 U.S. 544, 550, 42 L. Ed. 2d 706, 95 S. Ct. 710 (1975); *United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 32–33, 36, 9 L. Ed. 2d 561, 83 S. Ct. 594 (1963). *See also State v. Carver*, 113 Wn.2d 591, 599, 781 P.2d 1308, 789 P.2d 306 (1989); *Worrell*, at 541. Consequently, when a challenged ordinance does not involve First Amendment interests, the ordinance is not properly evaluated for facial vagueness. Rather, the ordinance must be judged as applied. *Maynard*, at 361. Accordingly, the ordinance is tested for unconstitutional vagueness by inspecting the actual conduct of the party

---

[7]A facial vagueness challenge to an ordinance is a challenge that the terms of the ordinance "are so loose and obscure that they cannot be clearly applied in any context." *Basiardanes v. Galveston*, 682 F.2d 1203, 1210 (5th Cir. 1982). In such a situation, the ordinance is alleged to be unconstitutional on its face; *i.e.*, invalid in toto, and therefore incapable of any constitutional application. *See Steffel v. Thompson*, 415 U.S. 452, 474, 39 L. Ed. 2d 505, 94 S. Ct. 1209 (1974).

[8]Even if a facial vagueness challenge were appropriate, the factual record in this case would still be inadequate. Because a facial vagueness challenge may be upheld only in those cases where the challenged ordinance "is impermissibly vague in all of its applications", *Hoffman Estates v. Flipside, Hoffman Estates, Inc., supra* at 497, including the ordinance's application to the challenger, the factual record of the ordinance's application to Douglass is not unimportant. *State v. Worrell*, 111 Wn.2d 537, 541, 761 P.2d 56 (1988).

who challenges the ordinance and not by examining hypothetical situations at the periphery of the ordinance's scope. *Cf. State v. Hegge,* 89 Wn.2d 584, 589, 574 P.2d 386 (1978).

Applying these principles to the present case, Douglass must challenge SMC § 10.08.030 as being unconstitutionally vague as applied to him. The ordinance's alleged vagueness must be examined in light of Douglass' alleged conduct. The factual record in this respect, however, is inadequate for us properly to scrutinize the constitutionality of SMC § 10.08.030 as applied to Douglass. Because the charges were dismissed before trial, no findings of fact were made. With the exception of the two separate bills of particular, the record is void of any facts. In addition, neither of the parties' briefs address the facts underlying the criminal charges. We note that at oral argument, there was considerable discrepancy in the facts relevant to the issue presented. Absent adequate facts, any ruling we might make on the ordinance's alleged vagueness, as applied to Douglass, would necessarily be conjectural in nature and, therefore, inappropriate.

## III

The constitutionality of SMC § 10.08.030 must be determined by examining the ordinance as applied to the particular facts of Douglass' case. Because the factual record is inadequate to determine whether SMC § 10.08.030 is unconstitutionally vague as applied to Douglass, we reverse the District Court's order of dismissal and remand this case for further proceedings.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, and SMITH, JJ., concur.