[No. 25575-8-II. Division Two. February 15, 2001.]

RAFN COMPANY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Kristin G. Olson* (of *O'Shea Barnard Martin, P.S.*), for appellant.

*Christine O. Gregoire, Attorney General*, and *James S. Johnson, Assistant*, for respondent.

HOUGHTON, J. — Rafn Company appeals the trial court's determination on summary judgment that RCW 51.16.060 is constitutional. Because the statute, which requires employers to pay the industrial insurance premiums of temporary workers when the temporary help company fails to pay, violates neither procedural nor substantive due process, we affirm.

## FACTS

Rafn Company (Rafn) is a general contractor engaged in large commercial construction contracts. On occasion, Rafn

employs laborers hired from temporary help companies such as Madden Temporary Services, Inc. (Madden) and Quik Labor, Inc. (Quik Labor). Rafn pays the temporary help companies the full hourly rate for each worker with no deductions for taxes or industrial insurance premiums. The temporary help company is considered the employer for purposes of paying premiums and assessments under chapter 51 RCW and is thus primarily responsible for making those payments. RCW 51.16.060. But if the temporary help company fails to make the payments, the hiring company must make them. RCW 51.16.060.

On September 16, 1997, and January 2, 1998, Rafn learned from the Department of Labor and Industries (L & I) that Madden and Quik Labor had not paid industrial insurance premiums for workers hired out to Rafn in the last two quarters of 1996 and the first two quarters of 1997. L & I tried to collect the premiums from Rafn under RCW 51.16.060. Rafn requested reconsideration, which was denied, and then sought declaratory and injunctive relief in the superior court.

Rafn alleged that the fifth proviso of RCW 51.16.060[1] violated Washington Constitution article I, section 3, United States Constitution amendment XIV, and 42 U.S.C. § 1983. Both Rafn and L & I moved for summary judgment. The trial court granted L & I's motion and denied Rafn's. The Supreme Court denied Rafn's petition for direct review and transferred the matter to this court.

## ANALYSIS

Chapter 51 RCW governs all aspects of a worker's remedy against his or her employer for injuries sustained in the course of employment. RCW 51.04.010. Generally, other than self-insurers, all employers must pay quarterly premiums into the state industrial insurance fund. RCW

---

[1] "PROVIDED, That the employer shall be liable for paying premiums and assessments, should the temporary help company fail to pay the premiums and assessments under this title." RCW 51.16.060.

51.16.060. The premium amount varies depending upon the nature of the business, the specific business classification, the unit of exposure that applies to the industry, and the individual company's experience factor. WAC 296-17-31010. Chapter 51 RCW also contains a quid pro quo: In return for employer contributions to the worker's compensation fund and no fault insurance for workers, all civil actions for personal injuries sustained in the course of employment are extinguished, except as allowed in chapter 51 RCW. RCW 51.04.010.

The Legislature added the fourth[2] and fifth provisos to RCW 51.16.060 in 1977. LAWS OF 1977, ch. 323, § 11. Before 1977, it was not clear whether temporary help companies or hiring companies were responsible for temporary workers' premiums. From 1911 to 1977, RCW 51.16.060 and its predecessors simply required all employers not qualifying as self-insurers to insure with the state. *See* LAWS OF 1911, ch. 74, § 4; RCW 51.16.070 (1976). The law did little to define the rights and liabilities of the two parties. *See Lunday v. Dep't of Labor & Indus.*, 200 Wash. 620, 624, 94 P.2d 744 (1939) (stating both a temporary help company and a hiring company may be jointly and severally liable for compensation to a worker injured in the course of employment). In effect, the fifth proviso of RCW 51.16.060 codifies *Lunday* and clearly defines when a hiring company's liability will accrue.

### WASH. CONST. art. I, § 3

█ Rafn first contends that the fifth proviso violates article I, section 3 of the Washington Constitution. But Rafn fails to show how applying an independent state constitutional analysis allows for a treatment different than that the federal constitution affords. *See State v.*

---

[2] "PROVIDED FURTHER, That a temporary help company which provides workers on a temporary basis to its customers shall be considered the employer for purposes of reporting and paying premiums and assessments under this title according to the appropriate rate classifications as determined by the department[.]"

*Gunwall*, 106 Wn.2d 54, 61-62, 720 P.2d 808 (1986) (setting forth six "nonexclusive neutral criteria" to guide independent interpretation of state constitution); *see also City of Spokane v. Douglass*, 115 Wn.2d 171, 176, 795 P.2d 693 (1990) (noting long-standing requirement that party invoking potentially greater protection of Washington Constitution address *Gunwall* criteria). Because Rafn fails to analyze the *Gunwall* criteria or to present argument or analysis on the subject, we decline to consider its due process claims under the state constitution. *See Douglass*, 115 Wn.2d at 176-77.

## Procedural Due Process

■ ■ Rafn further contends that the fifth proviso is unconstitutional because it arbitrarily imposes liability on employers for the debts of others. A party challenging a statute as unconstitutional bears the burden of proving the statute is unconstitutional beyond a reasonable doubt. *Erickson & Assocs. v. McLerran*, 123 Wn.2d 864, 869, 872 P.2d 1090 (1994). If we can conceive of any set of facts that would sustain a legislative enactment as constitutional, we assume that set of facts existed when the Legislature passed the statute. *See Williamson v. Lee Optical of Okla., Inc.*, 348 U.S. 483, 487, 75 S. Ct. 461, 99 L. Ed. 563 (1955) (upholding statute based upon entirely hypothetical facts); *see also Aetna Life Ins. Co. v. Wash. Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 528, 520 P.2d 162 (1974) (declaring "[e]very state of facts sufficient to sustain a classification which reasonably can be conceived of as having existed when the law was adopted will be assumed.").

■ To show that the fifth proviso of RCW 51.16.060 is arbitrary, Rafn relies upon a 54-year-old case in which the Supreme Court struck down a statute that subordinated all preexisting liens to those of the state if an employer defaulted on paying its unemployment taxes. *State v. Lawton*, 25 Wn.2d 750, 172 P.2d 465 (1946). The state levied

on all of Lawton's property, including property leased to Lawton by another. The Court declared the statute unconstitutional because it "arbitrarily impose[d] a lien on property of one not liable for a tax, from which to satisfy the tax of a liable employer. It in effect requires a third party to pay the tax of a liable employer, without any provision for reimbursement." *Lawton*, 25 Wn.2d at 764.

The statute in *Lawton* tried to impose a lien on the property of persons not statutorily liable for a tax. Here, RCW 51.16.060 makes employers statutorily liable for the industrial insurance premiums of temporary workers. Under the statute, the employer's liability is secondary to that of the temporary help company. The fifth proviso does not impose "a lien on property of one not liable for a tax." *Lawton*, 25 Wn.2d at 764. Rather, it imposes a lien on the property of one secondarily and statutorily liable for a tax. The statute is not arbitrary in the manner seen in *Lawton*.

## Substantive Due Process

Rafn also challenges RCW 51.16.060 on economic substantive due process grounds. It argues that although the ends the state seeks to effect are permissible, the means used are unduly oppressive and not reasonably necessary.

■ Rafn tries to fit the economic regulation of RCW 51.16.060 into the three-prong-land-use-regulation-substantive-due-process test outlined in *Presbytery of Seattle v. King County*, 114 Wn.2d 320, 330, 787 P.2d 907, *cert. denied*, 498 U.S. 911 (1990). Conceding that the statute meets the first prong, (it is aimed at achieving a legitimate public purpose), Rafn asks this court to decide whether it uses means reasonably necessary to achieve that purpose and whether it is unduly oppressive on " 'the landowner.' " Br. of Appellant at 8-9 (citing *Guimont v. Clarke*, 121 Wn.2d 586, 854 P.2d 1 (1993) (quoting *Presbytery*, 114 Wn.2d at 330)), *cert. denied*, 510 U.S. 1176 (1994).

Rafn argues a better alternative for achieving the goal of RCW 51.16.060 would be for L & I to require all temporary

help companies to post bonds large enough to cover any unpaid premiums. Rafn also argues that the statute is oppressive because it will not benefit from its own safety record since L & I calculates the premiums due based upon the safety record of the delinquent temporary help company. Finally, Rafn argues that it will not enjoy the quid pro quo of the Industrial Insurance Act; it might be liable in tort to injured temporary workers although it also paid their insurance premiums. *See Novenson v. Spokane Culvert & Fabricating Co.*, 91 Wn.2d 550, 588 P.2d 1174 (1979) (holding employer utilizing temporary worker not necessarily immune from tort liability). But all of these assertions address the wisdom of RCW 51.16.060, not its constitutionality. We review a statute's constitutionality, not its wisdom. The statute passes constitutional muster.

Having lost on appeal, Rafn is not entitled to the attorney fees it requests.

Affirmed.

HUNT, A.C.J., and BRIDGEWATER, J., concur.

Review denied at 144 Wn.2d 1006 (2001).