# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| In re the Dependency of: | ) | No. 71335-3-I |
|  | ) | (Consolidated with Nos. |
| B.I.T. (DOB: 10/11/06) | ) | 71336-1-I and 71337-0-I) |
| G.J.T. (DOB: 05/06/04) | ) |  |
| S.G.T. (DOB: 01/03/02), | ) | DIVISION ONE |
|  | ) |  |
| Minor children. | ) |  |
|  | ) |  |
| ROSA MARIA TORRES, | ) |  |
|  | ) |  |
| Appellant, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| STATE OF WASHINGTON, | ) | UNPUBLISHED |
| DEPARTMENT OF SOCIAL AND | ) |  |
| HEALTH SERVICES, | ) | FILED: September 15, 2014 |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

Cox, J. — Rosa Torres appeals the trial court's order terminating her parental relationship with her three children, B.I.T., G.J.T., and S.G.T. Torres's sole contention on appeal is that RCW 13.34.190, which requires a court to find that termination is in the "best interests of the child," is unconstitutionally vague. Because Torres does not show how the statute is unconstitutional as applied to the facts of her case, we affirm the trial court's order.

The following facts found by the trial court are unchallenged on appeal. Rosa Torres is the mother of B.I.T., born October 11, 2006; G.J.T., born May 6, 2004; and S.G.T., born January 3, 2002. On July 13, 2010, a court found all

three children dependent and removed them from Torres's care. The Department of Social and Health Services (DSHS) offered Torres services designed to address her parental deficiencies, including mental health counseling, a psychiatric medication evaluation, a parenting assessment, and occupational services at the Division of Vocational Rehabilitation. A deaf advocate from the Hearing, Speech and Deafness Center offered Torres assistance in obtaining communication devices, assistive devices for her home and interpreting services for medical appointments. Torres participated only minimally in these services and did not make any progress in correcting her parental deficiencies.

DSHS filed a petition to terminate Torres's parental rights on January 15, 2013. Following a seven-day trial, the court found that Torres's mental health condition rendered her unfit to parent and that termination was in the children's best interests.

Torres appeals.

## DUE PROCESS AND RCW 13.34.190

Torres asserts that RCW 13.34.190 is unconstitutionally vague and violates a parent's right to due process because it provides trial courts with no guidelines for determining when termination is in the "best interests of the child." We disagree.

RCW 13.34.180 and RCW 13.34.190 provide a two-step process that must be followed before a court may terminate parental rights. First, the court

must determine whether the following six factors have been proven by clear, cogent, and convincing evidence:

> (a) That the child has been found to be a dependent child;
>
> (b) That the court has entered a dispositional order pursuant to RCW 13.34.130;
>
> (c) That the child has been removed or will, at the time of the hearing, have been removed from the custody of the parent for a period of at least six months pursuant to a finding of dependency;
>
> (d) That the services ordered under RCW 13.34.136 have been expressly and understandably offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided;
>
> (e) That there is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future. . . .; and
>
> (f) That continuation of the parent and child relationship clearly diminishes the child's prospects for early integration into a stable and permanent home.[1]

Only if the court finds all six of these factors does the court then determine whether termination of the parent-child relationship "is in the best interests of the child."[2] This factor must be proven by a preponderance of the evidence.[3] The statute does not define "best interests of the child." As the Washington Supreme Court has explained,

> [C]riteria for establishing the best interests for the welfare of the child are necessarily absent, since each case presents its own peculiar facts and circumstances, and the complexity of these, as well as the need for individualized treatment, militates against the

_____

[1] RCW 13.34.180(1).
[2] RCW 13.34.190(1)(b).
[3] In re Welfare of A.B., 168 Wn.2d 908, 911, 232 P.3d 1104 (2010).

mandatory consideration of certain specified factors in every case.
. . . Were the legislature to define the terms in question more
precisely than it has already done, the result might well be an
inflexibility that deterred rather than promoted the pursuit of the
child's best interests.[4]

We review the constitutionality of a statute de novo.[5] A statute is presumed to be constitutional, and a party challenging that presumption bears the burden of proving beyond a reasonable doubt that the statute is unconstitutional.[6]

"In any vagueness challenge, the first step is to determine if the statute in question is to be examined as applied to the particular case or to be reviewed on its face."[7] It is well-settled law that a vagueness challenge to a statute that does not involve First Amendment rights must be decided as applied to the particular facts of a case.[8] As a result, we will not consider a facial challenge to a statute on vagueness grounds when First Amendment interests are not involved.[9]

Torres has made no argument that RCW 13.34.190 was vague as it applied to the particular facts of her case. Instead, she argues only that the statute "lacks the necessary guidance to protect against arbitrary enforcement and to provide for effective appellate review." Torres's challenge to the "best interests" standard is a purely facial one. Because RCW 13.34.190 does not

---

[4] In re Welfare of Aschauer, 93 Wn.2d 689, 697-98 n.5, 611 P.2d 1245 (1980).
[5] In re Dependency of K.R., 128 Wn.2d 129, 142, 904 P.2d 1132 (1995).
[6] In re Dependency of I.J.S., 128 Wn. App. 108, 115, 114 P.3d 1215 (2005).
[7] City of Spokane v. Douglass, 115 Wn.2d 171, 181, 795 P.2d 693 (1990).
[8] Id. at 182.
[9] Id.

involve First Amendment interests, we will not consider her facial challenge to the statute. Consequently, Torres has not met her burden to prove the statute is unconstitutional.

We affirm the order terminating Torres's parental rights.

_Cox, J._

WE CONCUR:

_Leach, J._                                    _Spearman, J._

5