IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
|---|---|---|
| | ) | No. 71821-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MICHAEL LEE PHILLIPS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 31, 2015 |
| | ) | |

BECKER, J. — A statute is void for vagueness if it does not provide

sufficiently specific standards to prevent arbitrary enforcement. The predatory

offense statute challenged in this litigation, RCW 9.94A.836, adequately defines

the conduct to which it applies and sets forth detailed charging predicates that

guide a prosecutor's discretion. The exceptional sentence imposed upon the

appellant, Michael Phillips, is affirmed.

In this case, a child was forcibly taken into a store restroom and sexually

assaulted by a man she did not know. The assailant was identified as Michael

Phillips. Phillips was charged and found guilty of rape of a child in the first

degree. Included in the information was a special allegation that the offense was

predatory. A jury convicted Phillips as charged and found that his offense was

predatory.

Phillips had an offender score of 3. The standard range for his offense was 10 to 13.3 years in prison. Phillips was sentenced to an exceptional sentence of 25 years based on the jury's predatory offense finding.

On appeal, Phillips contends that the predatory offense statute, RCW 9.94A.836, is unconstitutionally vague because it fails to provide ascertainable standards to protect against arbitrary enforcement.

We review determinations regarding the constitutionality of a statute de novo. State v. Watson, 160 Wn.2d 1, 5, 154 P.3d 909 (2007).

RCW 9.94A.836 provides:

> (1) In a prosecution for rape of a child in the first degree, rape of a child in the second degree, or child molestation in the first degree, the prosecuting attorney shall file a special allegation that the offense was predatory whenever sufficient admissible evidence exists, which, when considered with the most plausible, reasonably foreseeable defense that could be raised under the evidence, would justify a finding by a reasonable and objective fact finder that the offense was predatory, unless the prosecuting attorney determines, after consulting with a victim, that filing a special allegation under this section is likely to interfere with the ability to obtain a conviction.
> (2) Once a special allegation has been made under this section, the state has the burden to prove beyond a reasonable doubt that the offense was predatory. If a jury is had, the jury shall, if it finds the defendant guilty, also find a special verdict as to whether the offense was predatory. If no jury is had, the court shall make a finding of fact as to whether the offense was predatory.
> (3) The prosecuting attorney shall not withdraw a special allegation filed under this section without the approval of the court through an order of dismissal of the allegation. The court may not dismiss the special allegation unless it finds that the order is necessary to correct an error in the initial charging decision or that there are evidentiary problems that make proving the special allegation doubtful.

RCW 9.94A.836.

2

The term "predatory" means:

(a) The perpetrator of the crime was a stranger to the victim, as defined in this section; (b) the perpetrator established or promoted a relationship with the victim prior to the offense and the victimization of the victim was a significant reason the perpetrator established or promoted the relationship; or (c) the perpetrator was: (i) A teacher, counselor, volunteer, or other person in authority in any public or private school and the victim was a student of the school under his or her authority or supervision. For purposes of this subsection, "school" does not include home-based instruction as defined in RCW 28A.225.010; (ii) a coach, trainer, volunteer, or other person in authority in any recreational activity and the victim was a participant in the activity under his or her authority or supervision; (iii) a pastor, elder, volunteer, or other person in authority in any church or religious organization, and the victim was a member or participant of the organization under his or her authority; or (iv) a teacher, counselor, volunteer, or other person in authority providing home-based instruction and the victim was a student receiving home-based instruction while under his or her authority or supervision. For purposes of this subsection: (A) "Home-based instruction" has the same meaning as defined in RCW 28A.225.010; and (B) "teacher, counselor, volunteer, or other person in authority" does not include the parent or legal guardian of the victim.

RCW 9.94A.030(39). The term "stranger" means "the victim did not know the offender twenty-four hours before the offense." RCW 9.94A.030(51).

A vagueness challenge to a statute not involving the First Amendment is evaluated as applied to the challenger, using the facts of the particular case. In re Detention of Danforth, 173 Wn.2d 59, 72, 264 P.3d 783 (2011). The predatory offense statute does not involve the First Amendment. Therefore, Phillips may not challenge the statute in all of its applications. Rather, he bears the heavy burden of proving beyond a reasonable doubt that the statute is unconstitutionally vague as applied to him. City of Spokane v. Douglass, 115 Wn.2d 171, 177, 182-83, 795 P.2d 693 (1990). Because Phillips challenges the

statute in the abstract rather than as applied to his own conduct, it is doubtful that he is entitled to review, but we will briefly address his arguments.

A statute is unconstitutionally vague if it (1) fails to define the offense with sufficient precision so a person of ordinary intelligence can understand it or (2) does not provide standards sufficiently specific to prevent arbitrary enforcement. State v. Eckblad, 152 Wn.2d 515, 518, 98 P.3d 1184 (2004).

Phillips focuses solely on the second prong of the test for vagueness— whether the statute provides sufficient guidelines for enforcement. "The very rarity of filing the special allegation," Phillips claims, "demonstrates the arbitrary and ad hoc exercise of prosecutorial discretion."

Guidelines nearly identical to those in RCW 9.94A.836 are contained in the juvenile sexual motivation statute:

> (1) The prosecuting attorney shall file a special allegation of sexual motivation in every juvenile offense other than sex offenses as defined in RCW 9.94A.030(29) (a) or (c) when sufficient admissible evidence exists, which, when considered with the most plausible, reasonably consistent defense that could be raised under the evidence, would justify a finding of sexual motivation by a reasonable and objective fact-finder.
> (2) In a juvenile case wherein there has been a special allegation the state shall prove beyond a reasonable doubt that the juvenile committed the offense with a sexual motivation. The court shall make a finding of fact of whether or not the sexual motivation was present at the time of the commission of the offense. This finding shall not be applied to sex offenses as defined in RCW 9.94A.030(29) (a) or (c).
> (3) The prosecuting attorney shall not withdraw the special allegation of "sexual motivation" without approval of the court through an order of dismissal. The court shall not dismiss the special allegation unless it finds that such an order is necessary to correct an error in the initial charging decision or unless there are evidentiary problems which make proving the special allegation doubtful.

Former RCW 13.40.135(1)-(3) (1990). These guidelines were held sufficient to prevent arbitrary enforcement in State v. Halstien, 122 Wn.2d 109, 117-21, 857 P.2d 270 (1993), a case that did involve the First Amendment. In Halstien, the court discussed the second prong of the vagueness test in the following paragraph:

> The statute also meets the second part of the vagueness test: it contains ascertainable standards of guilt which prevent arbitrary enforcement. As noted above, the State must present evidence of some conduct during the course of the offense as proof of the defendant's sexual purpose. The State carries this burden of proof and must establish the sexual motivation allegation beyond a reasonable doubt. RCW 13.40.135(2). In addition, the prosecutor's charging discretion is guided and limited by the statute. The prosecutor may not file the allegation unless "sufficient admissible evidence exists" which would justify a finding of sexual motivation by a "reasonable and objective fact-finder", and the prosecutor must weigh that evidence against the most plausible defense. RCW 13.40.135(1). The trial court must also enter a finding of fact whether or not the sexual motivation was present. RCW 13.40.135(2). These standards protect against arbitrary, ad hoc, or discriminatory enforcement.

Halstien, 122 Wn.2d at 121.

Phillips describes this aspect of the analysis in Halstien as "relatively cursory" and attempts to distinguish it by citing State v. Rice, 174 Wn.2d 884, 279 P.3d 849 (2012).

Phillips' argument misapplies Rice. In that case, a former public school teacher was convicted of molesting a 10-year-old student. Her conduct was found to be predatory as charged under RCW 9.94A.836. Rice attacked the statute on appeal, arguing that RCW 9.94A.836 made charging the special allegation mandatory in violation of the constitutional separation of powers

doctrine. The Supreme Court held that RCW 9.94A.836 was "directory," not "mandatory." Rice, 174 Wn.2d at 889.

> Although the statutes authorize special allegations and direct prosecuting attorneys to file them, the statutes do not attach any legal consequences to a prosecutor's noncompliance, and the legislature elsewhere in the same chapter has acknowledged that prosecuting attorneys retain broad charging discretion notwithstanding statutory language directing them to file particular charges.

Rice, 174 Wn.2d at 889.

Phillips argues that by ruling "shall" means "may" in the context of the predatory offense statute, the court "eliminated the legislative directive and opened the door to arbitrary, ad hoc, or discriminatory filing of the special allegation." This argument lacks merit. Rice does not suggest that the predatory offense statute is unconstitutionally vague, nor does it undermine the holding in Halstien that the similarly worded juvenile sexual motivation statute contains ascertainable standards of guilt. The use of seemingly mandatory language in the context of RCW 9.94A.836 "can be seen as a legislative expression of priority, meant to guide prosecuting attorneys but always subject to the prosecutor's underlying charging discretion." Rice, 174 Wn.2d at 899. The fact that prosecutors have broad charging discretion does not render a statute unconstitutionally vague. Broad prosecutorial charging discretion is "part of the inherent authority granted to prosecuting attorneys as executive officers under the Washington State Constitution." Rice, 174 Wn.2d at 903-04.

Phillips presents no other analysis to show how the predatory offense statute is vague, nor does he argue that the prosecutor failed to exercise discretion in charging him. We conclude RCW 9.94A.836 contains ascertainable standards of guilt which prevent arbitrary enforcement. Phillips' due process challenge to the statute is rejected.

Phillips also attacks the statute on equal protection grounds. He claims it violates equal protection "by inviting grossly disparate sentences for similarly situated defendants." The possibility that sentences might be disparate, he argues, is the result of the absence of guidelines or limitations to inform the exercise of prosecutorial discretion. But we have already held, as noted above, that the statute does have adequate guidelines and limitations to inform the exercise of prosecutorial discretion.

Washington's predatory offense statute, Phillips contends, also violates his right to equal protection because it allows trial courts to dismiss the allegation only in limited circumstances thereby encouraging arbitrary charging. Phillips cites no case law supporting this argument nor does he concretely explain how the plain text of the predatory offense statute led to arbitrary or capricious charging in this matter.

In short, Phillips provides no basis for striking down the statute on either vagueness or equal protection grounds.

Affirmed.

WE CONCUR:

Becker, J.

Leach, J.

COURT OF APPEALS DIV I
STATE OF WASHINGTON

2015 AUG 31 AM 9: 1