IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parental Rights to | ) | No. 33115-6-III |
| | ) | (consolidated with |
| J.B.; L.W.-B.; and J.W.-B. | ) | No. 33116-4-III |
| | ) | No. 33117-2-III |
| | ) | No. 33118-1-III |
| | ) | No. 33119-9-III) |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

PENNELL, J. —This case involves an appeal of an order terminating parental rights.

Both parents contend the statutory "best interests of the child" standard in RCW

13.34.190 is unconstitutionally vague. In addition, the father, L.W., challenges several

factual findings pertaining to his order of termination. We find no error and affirm.

FACTS

J.B. is the mother of three minor children. L.W. is the presumed father of J.B.'s

middle child (a son) and alleged father of J.B.'s youngest child (a daughter).

In March 2013, the trial court found all three children dependent based on

concerns about abuse and neglect. The dispositional orders required J.B. and L.W. to

participate in services. Initially, the parents were compliant. However, by mid-2013,

things changed. Despite caseworkers' assertions they were willing to schedule around

L.W.'s schedule, L.W. cited his work schedule as the reason for not engaging in services.

J.B. similarly stopped using the offered services. Caseworkers had difficulty contacting

J.B. and L.W. over the course of the dependency. J.B. abandoned visits with her oldest

child not long after the dependency was initiated. The trial court eventually ordered J.B.'s visits with her oldest child be stopped at J.B.'s request. J.B. and L.W. stipulated to suspending visitation with the two children held in common in June 2013. J.B.'s visits with the two younger children were reinstated in September 2013, but L.W.'s were not as he failed to attend the hearing.

On December 2, 2013, the Department of Social and Health Services (DSHS) moved to terminate parental rights as to all three children. Trial was held on October 28-30, 2014. During trial, the court heard testimony from numerous witnesses and reviewed 33 exhibits. Throughout the trial, J.B.'s attendance was intermittent and L.W. only briefly attended on the final day of trial before returning to work.

The trial court found both J.B. and L.W. unfit to parent. With respect to L.W. (the only parent challenging the court's findings), the court cited the abuse L.W. inflicted on two of the three children, his failure to engage successfully in the recommended services, dangerous discipline used with the children, his refusal to acknowledge his mental health disorders, drug problems apparently no longer in remission, his failure to meet simple conditions to reinstate visits with the two youngest children, and his failure to understand J.B.'s deficiencies. The trial court went on to note case-specific factors supporting the children's need for permanency and showing termination was in the children's best

2

interests. Among other things, the court discussed J.B. and L.W.'s behavior during a parenting assessment, the younger children's anxious attachment to their parents, the treating therapist's conclusion J.B. and L.W. were unaware of how their behavior affected the children, L.W.'s use of inappropriate discipline, the children's fear of their parents, and the progress the children had made in their foster homes.

## ANALYSIS

*Substantial Evidence*

L.W. contends the court's findings of fact in support of termination were unsupported by the evidence. During the proceedings below, the State was required to prove the statutory factors justifying termination by clear, cogent, and convincing evidence. RCW 13.34.190(1)(a)(i). With this burden satisfied, the State was then required to prove by a preponderance of the evidence that termination would be in the best interests of the children. *In re Welfare of C.B.*, 134 Wn. App. 942, 952, 143 P.3d 846 (2006).

We will uphold the trial court's findings on appeal so long as they are supported by substantial evidence in light of the applicable burden of proof. *Id.* at 952-53. "Substantial evidence is evidence sufficient to persuade a fair-minded rational person of the truth of the declared premise." *Id.* at 953. The trial court's decision is entitled to

3

deference, and this court does not judge the credibility of witnesses or weigh the evidence. *Id.* at 952-53.

L.W. makes three challenges to the trial court's findings. He argues the court erred in finding (1) his two children were anxious about his availability, (2) his son was afraid of him, and (3) he made no positive changes throughout the dependency.

L.W.'s first assignment of error appears to center on the concern that the trial court simply held L.W.'s lack of visitation against him. This was not the case. While the trial court recognized L.W.'s children had a better relationship with him than their mother, numerous witnesses testified to the children's anxious attachment to their father. Furthermore, the treating therapist, Dr. Moore, explained that L.W. failed to appreciate the emotional impact on his children when he did not show up for visits. Substantial evidence supports the trial court's finding that L.W.'s children were anxious about his availability.

Next, L.W. challenges the court's finding that his son was afraid of him. L.W. contends substantial evidence does not support this finding because there was testimony his son's previous foster father also traumatized him.[1] L.W. does not challenge the trial

---

[1] In a footnote, L.W. argues finding of fact XVII is not supported by substantial evidence for the same reason. That finding states the allegations in the termination petition are true and adopted as a finding of fact. It is unclear what exactly L.W. is

4

court's finding that L.W. had "beat his son with belts and cords" and that he engaged in "[d]angerous discipline rising to torture." Clerk's Papers (CP) at 171-72. Nor does he challenge the finding that L.W. abused J.B.'s oldest child in the presence of his son. Perhaps not surprisingly, given this level of abuse, several witnesses testified that L.W.'s son displayed fear specific to his father. Again, substantial evidence supports the trial court's findings.

Lastly, L.W. challenges the trial court's conclusion he made no positive changes throughout the dependency. He argues he did engage in services, although the demands of his work schedule interfered with their completion. He points to his positive interactions with his two children as further support. L.W.'s argument ignores the majority of the evidence. Throughout the dependency, L.W. repeatedly refused to either engage in or complete court-ordered services, despite numerous offers to accommodate his work schedule. In addition, except for a four-month period in early 2013, L.W. did not participate in urinalysis testing. L.W.'s participation in services went from bad to worse during the last year of the dependency. Prior to the trial in October 2014, the last

---

challenging. None of the allegations in either the termination petition or the amended termination petition specifically pertain to the child's fear of his father. Assignments of error as to findings of fact must comply with RAP 10.3(a)(6) and 10.4(c). This court will not review challenged findings without citation to the record showing why the findings are unsupported. *In re Welfare of H.S.*, 94 Wn. App. 511, 520, 973 P.2d 974 (1999).

time L.W. had visited his children was in May 2013. L.W. had been provided the

opportunity to have visitation reinstated, but he failed to take any steps to do so. Even at

the termination trial, L.W. only showed up for a brief period on the last day. Substantial

evidence shows L.W. did not make any positive changes throughout the dependency.

*Constitutionality of Best Interests Standard*

Both J.B. and L.W. make a facial vagueness challenge to the "best interests of the

child" standard set forth in RCW 13.34.190(1)(b). The state statute does not define "best

interests of the child." As the Washington Supreme Court has explained,

> [C]riteria for establishing the best interests for the welfare of the child are
> necessarily absent, since each case presents its own peculiar facts and
> circumstances, and the complexity of these, as well as the need for
> individualized treatment, militates against the mandatory consideration of
> certain specified factors in every case. . . . Were the legislature to define the
> terms in question more precisely than it has already done, the result might
> well be an inflexibility that deterred rather than promoted the pursuit of the
> child's best interests.

*In re Welfare of Aschauer*, 93 Wn.2d 689, 697-98 n.5, 611 P.2d 1245 (1980).

This court reviews challenges to the constitutionality of a statute de novo. *In re

Welfare of A.W.*, 182 Wn.2d 689, 701, 344 P.3d 1186 (2015). A statute is presumed to be

constitutional, and the party challenging that presumption bears the burden of proving

beyond a reasonable doubt the statute is unconstitutional. *Id.*

The challenge made by J.B. and L.W. fails to recognize well-settled case law on constitutional vagueness. Vagueness challenges that do not involve First Amendment rights are evaluated in light of the particular facts of each case. *City of Spokane v. Douglass*, 115 Wn.2d 171, 182, 795 P.2d 693 (1990). Consequently, where a challenged statute does not involve First Amendment interests, the statute is not properly evaluated for facial vagueness. *Id.* Rather, the statute must be judged as applied. *Id.* Termination proceedings do not involve First Amendment rights. *See In re Welfare of H.S.*, 94 Wn. App. 511, 524, 973 P.2d 974 (1999) (vagueness challenge to RCW 13.34.180(5)); *C.B.*, 79 Wn. App. at 689 (challenge to former RCW 13.34.190(2)). Although the parents' right of association with their children is implicated, the right of intimate association falls under the Fourteenth Amendment, not the First Amendment. *Roberts v. United States Jaycees*, 468 U.S. 609, 618, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984); *City of Bremerton v. Widell*, 146 Wn.2d 561, 575-76, 51 P.3d 733 (2002). Accordingly, the challenges posed here can only be evaluated as applied, in light of the particular facts of the case. *State v. Halstein*, 122 Wn.2d 109, 117, 857 P.2d 270 (1993).

J.B. and L.W. have made no argument that RCW 13.34.190 was vague as applied to the particular facts of their case. Thus, they have not met their burden to prove the

7

statute is unconstitutional, and their challenge must fail.[2]

Based upon the foregoing, the orders of termination are hereby affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Siddoway, J.                                        Lawrence-Berrey, A.C.J.

---

[2] Even if this court were to review the vagueness challenge on the merits, J.B. and L.W. still cannot prevail. This court reads the statute as a whole. *H.S.*, 94 Wn. App. at 525. J.B. and L.W. challenge only the single subsection of the statute that includes the phrase "best interests of the child" while ignoring the remaining factors the State was required to prove. RCW 13.34.180, .190. In the context of the statute as a whole, the phrase "best interests of the child" is not subjective. In *Aschauer*, the court acknowledged the phrases "proper parental care" and "proper maintenance" in the dependency statutes could be "subject to value judgments, which may vary from person to person or from judge to judge." 93 Wn.2d at 697. But the phrases took on an objective meaning viewed in context: "these expressions do not stand in isolation. If the statute is viewed as a whole, its meaning takes on substantial objectivity." *Id.* The same reasoning applies here.