# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50263-1-II |
| Respondent, | |
| v. | |
| KRIS KEITH BENNETT, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. – Kris Keith Bennett pleaded guilty to attempted second degree rape of a child and first degree possession of depictions of a minor engaged in sexually explicit conduct. Bennett's sentence includes 36 months of community custody where he is restricted from frequenting places where children congregate. He appeals this community custody condition, arguing the condition is not crime related and is unconstitutionally vague. We hold that the community custody condition is crime related, but we accept the State's concession that the condition is unconstitutionally vague, and remand for the sentencing court to strike the condition.

## FACTS

Bennett responded to an online advertisement posted by an undercover Washington State Patrol detective. The detective posed as a single mother looking for a man to teach her children, ages 6, 11, and 13, about sex. Bennett responded and engaged in internet correspondence with the undercover detective. Ultimately, Bennett made arrangements to meet in person, and was arrested

when he arrived. Officers discovered 596 images of minors engaged in sexually explicit conduct on Bennett's media storage devices, involving 65 children.

The State charged Bennett with attempted first degree rape of a child and two counts of first degree possession of depictions of a minor engaged in sexually explicit conduct. Bennett agreed to plead guilty to attempted second degree rape of a child and one count of first degree possession of depictions of a minor engaged in sexually explicit conduct.

The sentencing court sentenced Bennett to confinement plus 36 months of community custody. Community Custody Condition 6 states, "Do not frequent places where children congregate." Clerk's Papers (CP) at 98. Bennett appeals.

## ANALYSIS

Bennett argues that Condition 6, which prohibits him from going to places where children congregate is not crime related. Bennett also argues that Condition 6 is unconstitutionally vague by failing to notify him of what he had to avoid. We disagree that Condition 6 is not crime related. However, we agree that Condition 6 is unconstitutionally vague.

A.     STANDARD OF REVIEW

A sentencing court lacks authority to impose a community custody condition unless the legislature has authorized it. *State v. Kolesnik*, 146 Wn. App. 790, 806, 192 P.3d 937 (2008), *review denied*, 165 Wn.2d 1050 (2009). We review de novo whether the sentencing court had statutory authorization to impose a community custody condition. *Id.* If the sentencing court had statutory authorization, we review its decision to do so for an abuse of discretion and will reverse only if the condition is "manifestly unreasonable." *State v. Sanchez Valencia*, 169 Wn.2d 782,

791-92, 239 P.3d 1059 (2010). Imposing an unconstitutional condition will always be "manifestly unreasonable." *Id.* at 792.

B. CRIME RELATED

The sentencing court prohibited Bennett from frequenting "places where children congregate." CP at 98. RCW 9.94A.703(3)(b) authorizes the sentencing court to require offenders to "[r]efrain from direct or indirect contact with the victim of the crime or a specified class of individuals."

Bennett attempted to meet a fictitious mother to have sex with her minor children and possessed numerous depictions of children engaged in sexually explicit conduct. Prohibiting Bennett from going to places where children of the same class as his victims congregate is a reasonably crime related condition. *State v. Eaton*, 82 Wn. App. 723, 733, 919 P.2d 116 (1996). Therefore, this community custody condition is sufficiently crime related.

C. VAGUENESS

Bennett next challenges Condition 6 as unconstitutionally vague, relying on *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). He argues that the condition regarding where children congregate is unconstitutionally vague because it is overly broad and does not give sufficient notice of what conduct is proscribed.

Due process requires that laws not be unconstitutionally vague. *State v. Bahl*, 164 Wn.2d 739, 752, 193 P.3d 678 (2008). Laws must (1) provide ordinary people fair warning of proscribed conduct, and (2) have standards that are definite enough to "'protect against arbitrary enforcement.'" *Id.* at 752-53 (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d

3

693 (1990)). A community custody condition is unconstitutionally vague if it fails to do either. *Bahl*, 164 Wn.2d at 753.

In *Irwin*, one of the defendant's conditions prevented him from frequenting "'areas where minor children are known to congregate.'" *Irwin*, 191 Wn. App. at 649. The court decided the condition could not satisfy the vagueness test because it needed either clarifying language or an illustrative list so that an ordinary person would have fair warning of the proscribed conduct. *Id*. at 655.

Similarly, here, Bennett's condition does not satisfy the vagueness test because it needs either clarifying language or an illustrative list so that an ordinary person would have fair warning of the proscribed conduct. The State correctly concedes this point. We accept the State's concession and remand to the sentencing court to strike Condition 6.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, A.C.J.

We concur:

Worswick, J.

Sutton, J.

4