**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| AURORA HONG, | No. 85855-6-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| THOMAS HENCSHEL, | |
| Respondent. | |

FELDMAN, J. — Aurora Hong appeals the trial court's order denying her motion to seal a previously filed pleading. The trial court determined that Hong did not adhere to the King County local rules, which require a party to attach the document they wish to file under seal to their motion or, if they wish to seal a previously filed document, provide notice of the motion to the opposing parties. Because the trial court correctly applied the local procedural rules, we affirm.

Hong filed a petition for a restraining order against her former husband, Thomas Hencshel, in December 2020. Hong voluntarily dismissed the petition in March 2021. In February 2023, Hong moved to seal the entire court file. Judge Tanya Thorp denied a motion to seal without prejudice on May 18, 2023 due to Hong's failure to follow the procedural requirements in GR 15(c).[1]

---

[1] It is not clear from the record whether the motion Judge Thorp denied was the February 2023 motion or a separate motion that was not included in the appellate record.

In July 2023, Hong filed a motion to seal or redact her previous motion to seal, asserting that she had never intended to file the motion publicly. Judge Sean O'Donnell denied the motion due to Hong's failure to follow King County Local General Rule (KCLGR) 15(e)(iii). Hong then filed under seal a motion for reconsideration. The trial court denied the motion.

We review a trial court's decision to seal a court record and rulings on a motion for reconsideration for abuse of discretion. *Hundtofte v. Encarnacion*, 181 Wn.2d 1, 6–7, 330 P.3d 168 (2014) (citing *Rufer v. Abbott Labs.,* 154 Wn.2d 530, 540, 114 P.3d 1182 (2005)); *Hockett v. Seattle Police Dep't*, 31 Wn. App. 2d 210, 219, 548 P.3d 271 (2024). "A trial court abuses its discretion if a decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1*, 177 Wn.2d 718, 730, 305 P.3d 1079, 1085 (2013) (citing *In re Marriage of Littlefield,* 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)). "A decision is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich,* 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist,* 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

Hong contends that the trial court abused its discretion by relying on Judge Thorp's order rather than analyzing her second motion to seal on its merits. The content of Judge O'Donnell's order demonstrates that Hong is incorrect. In his order, Judge O'Donnell explained that a motion to seal filed under KCLGR 15(c)(2)(E)(iii) must be accompanied by the document that the party wishes to file under seal. The court reasoned:

Petitioner has not followed this rule. She filed the motion she now wishes to seal over five months ago. The rule requires contemporaneous filing of the original document, the document to be sealed, and a proposed order accomplishing this result. Here, allowing for nearly half a year delay exposes the (alleged) sensitive materials to public view. This undermines the thrust of the request – that allowing the document to be public would expose the petitioner to safety risks. The exposure has already happened. A retroactive application of this rule to an already publicly filed document would contravene the rule's express language and its intended purpose.

Thus, contrary to Hong's assertion, the trial court did not abuse its discretion by relying on Judge Thorp's order rather than analyzing her second motion to seal on its merits.

The trial court's reasoning is sound. KCLGR 15(c)(2)(E) requires that the party wishing to file a document under seal must provide the motion, the document to be filed, a proposed order, and a self-addressed envelope directly to the hearing judge.[2] Motions to seal *previously filed* documents are governed by KCLGR

---

[2] The full text of KCLGR 15(c)(2)(E) reads as follows:

All Other Motions.

(i) The moving party shall provide the following directly to the hearing judge and not file:

a) The original unredacted copy of the document(s) the party seeks to file under seal to the hearing judge in an envelope for in camera review. The words "SEALED PER COURT ORDER DATED [insert date]" shall be written on the unredacted document(s). The following information shall be written on the envelope: The case caption and cause number; a list of the document(s) under review; and the words "SEALED PER COURT ORDER DATED [insert date]."

b) A proposed redacted copy of the subject document(s).

c) A proposed order granting the motion to seal, with specific proposed findings setting forth the basis for sealing the document(s).

d) A self-addressed envelope with appropriate postage for the return of the document, should the party request said return.

(ii) If the hearing judge denies, in whole or in part, the motion to seal, the judge will return the original unredacted document(s) and the proposed redacted document(s) to the submitting party upon request to return if envelope with postage was provided and will file the order denying the motion to seal.

(iii) If the hearing judge grants the motion to seal the judge will file the sealed document(s) contemporaneously with a separate order granting the motion. If the judge grants the motion by allowing redaction, the judge shall write the words "SEALED PER COURT ORDER DATED [insert date]" in the caption of the unredacted document before filing.

15(c)(1)(A), which states that "[m]otions to destroy, redact or seal all or part of a previously filed civil or domestic relations court record shall be filed with the clerk and presented, in accordance with GR 15 and GR 22[.]" GR 15 (c)(1) requires that a party filing a motion to seal a previously filed document must provide reasonable notice of the hearing to all parties. Because Hong did not provide Hencshel with notice of the hearing, the trial court could not have sealed the prior motion to seal under this rule.

Hong nevertheless asserts that because she withdrew her February 9 motion,[3] it should not be considered a "court record" and therefore not subject to KCLGR 15. In support of her argument, Hong cites to *Bennett v. Smith Bundy Berman Britton, PS*, 176 Wn.2d 303, 291 P.3d 886 (2013). The court in *Bennett* was asked to decide whether documents filed under seal in a case that settled prior to judicial action were presumptively public under article I, section 10 of the Washington Constitution. 176 Wn.2d at 305. The Supreme Court ultimately held that "only material relevant to a decision actually made by the court is presumptively public under article I, section 10." *Id.* Neither GR 15 nor KCLGR 15 were at issue in *Bennett*, and nowhere in its opinion did the court purport to define what constituted a "court record" as that term is used in the general and local rules.[4] Thus, *Bennett* does not support Hong's argument. As Hong has not cited any other authority supporting her argument that the pleading she filed was

---

[3] The record indicates that Hong withdrew a motion she had calendared for January 24, 2023. It is not clear whether Hong withdrew the February 9, 2023 motion.

[4] Hong also briefly asserts that *Bennett* stands for the proposition that notice of a motion to seal is not required when the previously filed document was not considered by the court. *Bennett* holds no such thing. To the contrary, notice was not at issue in *Bennett* because the documents were filed under seal by agreement of the parties and the motion to unseal the documents was filed by a non-party intervenor. 176 Wn.2d at 306.

not a "court record," we assume Hong, like the court, has found none. *21st Mortg. Corp. v. Nicholls*, 25 Wn. App. 2d 795, 806, 525 P.3d 962 (2023).

Here, the trial court did not determine whether the document Hong wished to seal was presumptively public under article I, section 10 of the Washington Constitution. Rather, it denied Hong's motion solely on procedural grounds. Because we do not address constitutional issues where a case can be decided on other grounds, *Tropiano v. City of Tacoma*, 105 Wn.2d 873, 877, 718 P.2d 801 (1986), we similarly do not address whether any of the documents filed in this case were presumptively public under the Washington Constitution.

In sum, Hong did not adhere to the requirements of KCLGR 15 in moving to seal a previously filed document. On this record, the trial court did not abuse its discretion in denying Hong's motion to seal or in denying her motion for reconsideration.

Affirmed.

Feldman, J.

WE CONCUR:

Coburn, J.                                              , ACJ

5